Riggs *et al. v.* Trees.

No. 13,950.

RIGGS ET AL. *v.* TREES.

PROMISSORY NOTE.— *Escrow.*— *Delivery before Condition Performed.* — *Liability.*—One in whose hands a note has been placed by the maker to be delivered to the payee upon the performance of certain conditions by him, and who, in violation of his obligation, delivers the note to the payee before the performance of the conditions, is liable in damages to the maker, who has become responsible to the payee's endorsee, a *bona fide* holder.

From the Sullivan Circuit Court.

*J. S. Bays, J. T. Beasley* and *A. B. Williams,* for appellants.

*J. C. Briggs, W. S. Maple* and *J. T. Hays,* for appellee.

ELLIOTT, C. J.—The appellants were partners doing business as real estate brokers. Swain employed them to sell his farm, and they did sell it to the appellee for four thousand dollars. As part of the purchase-price the appellee assumed and agreed to ·pay the principal, but not the interest, of a mortgage executed to an insurance company to secure eighteen hundred dollars; a like amount was paid in cash, and a note for the remainder was executed by the appellee, and to secure its payment he executed a mortgage upon the land bought of Swain. The note was payable in bank and was placed in the hands of the appellants. By the terms of the contract between the parties the note was to be held by the appellants until an abstract of title was furnished to the appellee, and all liens against the land paid and discharged. The note was not placed in the hands of the appellants for the purpose of passing the title to it, but for the purpose of delivering it to Swain and closing the sale as soon as he had complied with his agreement and paid the liens on the land. The appellants, notwithstanding their agreement to retain possession of the note and mortgage, delivered them without the consent of the appellee to Swain.

The note was transferred by endorsement to a person for a valuable consideration, before maturity, and the endorsee received it without notice of any defence. At the time the contract of sale was made, there were liens on the land to the amount of $108 above the amount of the encumbrance assumed by the appellee. Swain is insolvent and is not a resident of the State.

The appellee could not have successfully defended against the note in the hands of the endorsee, for it was by his act that the appellants were enabled to put the note in circulation, and he must suffer rather than the innocent third person. The principle which rules here is the same as that which prevailed in *Quick* v. *Milligan*, 108 Ind. 419 (55 Am. Rep. 49). One who places in another's hands his promissory note, perfect in all its parts, can not defeat the note in the hands of a *bona fide* holder. The rule, indeed, in cases of promissory notes negotiable under the law merchant extends much further, but we need do no more than apply the principle we have indicated as the governing one, although a much broader rule might be applied.

The appellants violated their contract and must respond in damages. It is no defence for them to assert that in law the delivery to them was absolute, and transferred title to Swain at once, for whatever may be the rule as between payor and payee, it is quite clear that the appellants having agreed to retain the note, were bound to keep their contract.

The assumption that the appellants were the agents of Swain is unfounded, for they undertook to retain the notes under an agreement with the appellee and not as Swain's agents. But if they had received the notes as the agents of Swain, they had no right to violate their agreement with the appellee. If Swain himself had made such an agreement and it was properly evidenced by writing, he would have no right to violate it.

Judgment affirmed, with ten per cent. damages and costs.
Filed Oct. 18, 1889.