# Lewis H. Lipman, Trustee of the Estate of William Crane, Deceased, Appellant, *v.* Charles B. Noblit.

*Principal and agent—Embezzlement by agent—Vendor and vendee.*

Where a vendor of land is bound to pay off a mortgage on the land before he can demand all the purchase money, and has failed to do so, and the vendee is ready to pay the purchase money, and it is arranged between the parties that the vendee shall take the deed, and that the vendee's attorney shall retain the amount of the mortgage until it has been satisfied, and then to pay the money to the vendor, and all the parol and written evidence point to the fact that the attorney held the money as custodian for the vendor, the vendee cannot be held liable for the attorney's embezzlement of the money.

Argued Jan. 4, 1900. Appeal, No. 168, Jan. T., 1899, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1897, No. 732, on verdict for defendant. Before GREEN, C. J., McCOLLUM, MITCHELL, DEÁN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit for balance of purchase money of real estate. Before SULZBERGER, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was the instruction of the court.

*Hood Gilpin,* with him *Duncan L. Buzby,* for appellants.—The principal is liable for his agent's defaults while in the scope of his employment, though he did not know his agent to be a defaulter: Pepper v. Cairns, 133 Pa. 114; Sergeant v. Martin,

133 Pa. 122; Independent B. & L. Assn. v. Real Est. Title Co., 156 Pa. 181.

Under the evidence, Schaefer was not a trustee for appellee: Loan Assn. v. Title Co., 156 Pa. 181; Sergeant v. Martin, 133 Pa. 122.

*V. Gilpin Robinson,* for appellee.—The $1,010 deposited with Schaefer was not the property of Noblit but of Lipman, and if held by him as agent for either it was as agent for Lipman: Stifler's Est., 23 Pa. C. C. R. 24.

Where one of two innocent parties must suffer, the one who brought about the condition which resulted in the loss should bear it.

OPINION BY MR. CHIEF JUSTICE GREEN, January 29, 1900:

Noblit was the purchaser of the property in question, and at the time and place appointed for the delivery of the deed and the payment of the purchase money, he was present with the whole amount, and ready to pay it over and to receive the deed. From the plaintiff's own testimony it appears that he consented to, and did, execute and deliver the deed to Noblit, and Noblit did in fact pay the whole of the purchase money in a way to which the plaintiff testifies he consented. There was an unsatisfied mortgage upon the premises which it was the duty of the plaintiff to have satisfied before he could require the whole of the money. It was proposed by some one that Noblit should pay the remainder of the purchase money, after deducting $1,010, the amount due on the mortgage, to the plaintiff, and to leave the $1,010 with Schaefer until the mortgage was satisfied, when Schaefer was to pay it to the plaintiff. This was accordingly done, and Schaefer then prepared a statement in figures showing the transaction. Two copies of this statement were prepared and one of them was signed by both Lipman and Noblit. Each of them took one of the statements. Lipman testified, " So then it was agreed that we should do it in that way, that the balance of the purchase money, $1,278, should be paid over to me, and the $1,010 should remain in Mr. Schaefer's hands." It is therefore clear that the plaintiff agreed that Schaefer should be the custodian of the money until the mortgage was satisfied. Noblit had done all that was required of him to complete his title. Lip-

man had not done everything that was required of him to perfect the title on his part. He was yet to satisfy the mortgage, and pending the delay he agreed that Schaefer should retain the money. Of course the money was for Lipman, and was to be paid to him alone. Noblit had nothing further to do with it. It was therefore correct to say, as was said, in the statement, referring to the $1,010, " Cash retained by G. R. Schaefer for use of L. W. Lipman until mortgage of $1,007.49 is satisfied of record," $1,010. Schaefer, with Lipman's consent, was to retain the money for Lipman until the mortgage was paid. He was Lipman's custodian. This statement was signed by both Noblit and Lipman and was certainly consented to by both. That is, Lipman consented that Schaefer should hold the money for his, Lipman's, use, and Noblit consented also that Schaefer should hold it for Lipman. In addition to this, Schaefer signed a receipt which says :

." Received of Mr. Lewis H. Lipman the sum of one thousand and ten dollars to be paid to him upon the entry of satisfaction of the paid mortgage of Hymen L. Lipman to Edwin W. Lehman for $1,007 49–100 dollars dated June 30, 1887, and recorded in mortgage book No. 298, page 346, etc., and secured upon premises, No. 639, No. 45th St.

" GUSTAV R. SCHAEFER."

Thus again, and in a most emphatic manner, did Lipman treat Schaefer as his agent for the custody of the money. He says that when he subsequently observed that the receipt was drawn in this way, he attempted to see Schaefer about it, but he never did. We are most clearly of the opinion that in these circumstances, and upon Lipman's personal testimony, he must be regarded as having voluntarily consented to Schaefer's acting as his agent for the custody of the money, and he must therefore bear the loss resulting from Schaefer's embezzlement of the money. The rejected offers of testimony could not have changed this conclusion and the court was right in refusing them.

Judgment affirmed.