[Civ. No. 3361. Second Appellate District, Division One.—March 15, 1921.]

GROVER C. TRASK, Respondent, v. RAMON B. GARZA et al., Appellants.

[1] CONVERSION—VALUE OF PROPERTY—PLEADING.—In an action for damages for the conversion of certain personal property, if the value of the property appears from the very description of its kind, it is not necessary to allege the particular amount of value.

[2] ID.—VIOLATION OF ESCROW AGREEMENT—PARTIES.—A complaint setting out the conditions under which certain money and a promissory note, representing the agreed purchase price of certain property, were deposited in escrow by plaintiff, alleging a violation of the agreement by defendants, and showing that all the defendants were parties to the act of conversion of the money and note, states facts entitling plaintiff to judgment.

[3] ID.—DUTY OF ESCROW-HOLDER—VIOLATION—DAMAGE—LIABILITY.—
An escrow-holder, as a depositary, is charged with the duty of
obeying the instructions of the parties as to the delivery of the
property deposited with him, and a violation of this duty would
result in a liability being cast upon him for damages to the per-
son who might suffer injury.

[4] ID.—MISJOINDER OF PARTIES — WANT OF PREJUDICE. — Conceding
that it was error to join the escrow-holder as a party defendant
with the sellers, and that the trial court committed error in not
sustaining his special demurrer for misjoinder, under section 4½
of article VI of the constitution it could not be said that the
error was prejudicial or that it resulted in a miscarriage of jus-
tice, where he was liable for the amount for which judgment was
recovered against him.

APPEAL from a judgment of the Superior Court of
San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. L. Johnson for Appellants.

J. K. Stickney for Respondent.

JAMES, J.—This appeal is taken by the defendants from
an adverse judgment and is presented upon the judgment-
roll alone.

The points urged as ground for reversal rest upon the
ruling of the trial judge in refusing to sustain a de-
murrer interposed by the defendants to the second amended
complaint of the plaintiff. The grounds of that demurrer
to be here considered are: (1) That said complaint did not
state facts sufficient to constitute a cause of action as
against defendants or either of them; (2) that there was a
misjoinder in that appellant Johnson was improperly in-
cluded as a defendant in the action.

The plaintiff alleged in his complaint that in September,
1919, a written agreement was entered into between plain-

3. Liability of depositary for wrongful delivery of escrow, notes,
Ann. Cas. 1915A, 277; L. R. A. 1917E, 907.

Necessity of strict compliance with conditions of escrow, note,
L. R. A. 1916A, 502.

Effect of unauthorized delivery by escrow-holder upon rights of
parties, note, Ann. Cas. 1917E, 435, 458.

tiff and the two Garzas, whereby plaintiff agreed to buy, and said defendants agreed to sell, a certain pool-hall and business with the furnishings and fixtures for the sum of $700. Other terms and conditions were alleged in the complaint to be as follows: "Plaintiff to execute his promissory note for the sum of $350 payable to said defendants Garza, sixty days after date and deliver the same together with $350 in cash to the defendant E. L. Johnson; and defendants Garza to execute to plaintiff a bill of sale of said business, furnishings, fixtures and equipment and deliver same to the said E. L. Johnson, all of which were to be held by the said E. L. Johnson for a period of time not to exceed seven days; that within said seven days defendants Garza were to secure a lease from the owner of the building in which said business, furnishings, fixtures and equipment were located in favor of plaintiff for a period of one year from and after date of said sale, at a monthly rental of $40 and deliver same to the said E. L. Johnson; and upon the delivery of said lease to the said E. L. Johnson within the time aforesaid and not otherwise, the said E. L. Johnson to deliver said $350 in cash and said promissory note to the said defendants Garza and the said bill of sale and the said lease to plaintiff; and if the said lease was not so delivered to the said E. L. Johnson within the said ten days' time the said E. L. Johnson should redeliver to plaintiff the said promissory note and $350 in cash upon demand of plaintiff so to do, and to return said bill of sale to said defendants Garza." Plaintiff further alleged that he executed his promissory note and delivered the same to Johnson, together with $350 in cash, upon the express condition that it should not be delivered to the Garzas until the lease referred to in the allegations quoted had been secured and delivered to Johnson for the plaintiff; that Johnson was a practicing attorney and was fully informed by all the parties of the conditions upon which the note and cash were deposited with him, and that he knew of the agreement and the terms requiring him to dispose of the money and papers in the manner aforesaid. It is then alleged that the Garzas did not, within ten days or at all, secure the lease for the plaintiff which they had agreed to furnish. It is further alleged that defendant Johnson, notwithstanding the con-

ditions of the agreement under which the deposit was made with him, and notwithstanding that plaintiff "repeatedly notified" said Johnson not to deliver the note and cash to the defendants, did before the expiration of ten days deliver the note and money of the plaintiff to defendants Garza, in violation of the agreement and in violation "of his instructions given him by both plaintiff and defendants Garza." Further allegations of the complaint set out that plaintiff had repeatedly demanded of defendants Johnson and Garzas that they return to him his note and money, which demand had at all times been refused. Prayer for judgment was, first, for the sum of $350 with legal interest thereon; second, that the defendants be required to deliver up the promissory note; that the same be canceled and that, if this could not be procured to be done, then that plaintiff have judgment for the sum of $350 with legal interest, and for costs of suit. The court made its findings determining the facts in accordance with the allegations of the complaint, with the additional findings that plaintiff had tendered back to the defendants all the personal property that he had received, and had offered to make accounting for all proceeds of the business during the time he had had possession, and that the defendants Garza had disposed of the promissory note of the plaintiff. The judgment was for the principal sum demanded, with the proviso that, if within ten days defendant should file a bond to indemnify plaintiff against liability upon the promissory note which had been converted by them, then the amount of the judgment should be reduced to the sum of $362.25, which sum represented a recovery of the cash payment made by the plaintiff under his agreement with Garza, together with interest. Having the judgment-roll only to look to, we must assume, of course, that the evidence was ample to sustain all the findings made by the trial judge. We think that the complaint stated sufficient facts upon which to predicate a judgment for damages against the defendants. The defendants in effect were charged with having converted the property of the plaintiff in violation of their duty under the contract and were hence liable for all damages which the plaintiff might sustain, with interest from the date of conversion. [1] The value of the property appears by the very description of its

kind; hence it was not necessary to specifically allege the particular amount of value. [2] The complaint set out the conditions under which the deposit was made, alleged a violation of the agreement, and showed that all of the defendants were parties to the act of conversion. Upon these facts plaintiff was entitled to a judgment. We may give brief attention to the claim that the court erred in overruling the demurrer of the defendant Johnson. This demurrer, a special one, stated in effect the contention that the liability of Johnson, if any, was different from that of the other defendants; hence, he could not be made a party to the same cause of action. We think that the liability of Johnson under the facts of this case was precisely the same in amount as the liability of the other defendants. [3] As a depositary he was charged with the duty of obeying the instructions of the parties as to the delivery of the property deposited with him. A violation of this duty would result in a liability being cast upon him for damages to the person who might suffer injury, and the damage in this case was the value of the property converted. (*Riggs et al.* v. *Trees*, 120 Ind. 402, [5 L. R. A. 696, 22 N. E. 254]; 10 R. C. L., par. 16.) [4] Were we to concede that the liability of Johnson, because of a violation of his duty as a depositary, is different from that of the other defendants, and that the special demurrer for misjoinder might have been properly sustained by the trial court, the concession is of-no avail here. This for the reason that under section 4½ of article VI of the constitution it could not be said that the overruling of the demurrer was such an error as had produced a miscarriage of justice. If a liability for the amount recovered existed against the defendant, the fact that he may have been improperly joined with other parties in an action wherein the recovery was secured must be deemed to be without prejudice to any substantial right. This court has had occasion heretofore to suggest that under the section of the constitution referred to, it would be a rare case indeed which would call for a reversal of a judgment for the sole reason that the trial judge had overruled a demurrer interposed upon some special ground not going to the sufficiency of the cause of action stated.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.