# Kreuer et al., Appellants, v. Union National Bank.

*Principal and agent—Depository of fund—Special agency—Construction of contract—Escrow.*

1. A depositary is bound by the terms of the deposit and charged with the duties voluntarily assumed by him, and if he improperly parts with the deposit he is liable for the loss.

2. A deposit in escrow is a special agency, and as such must be strictly construed and not extended beyond what is given in terms, or what is necessary and proper for carrying the authority so given into full effect.

3. Where persons deposit checks with a bank in escrow, under an agreement by which they should be surrendered to parties from whom the depositors were purchasing land, at the expiration of ten days, provided title was passed as satisfactory by depositors' attorney, the bank violates the agreement by surrendering the checks at the end of the ten days without having heard from the attorney and without inquiry.

4. Where suit is brought, against the bank for breach of the contract, the case does not involve the actual validity of the attorney's reasons for failure to approve the title.

*Appeals—Motion for judgment n. o. v.—Evidence—Inferences.*

5. On appeal from order granting motion of defendant for judgment n. o. v., plaintiff must be given the benefit of every fact and inference of fact pertaining to the issue involved, which may reasonably be deduced from the evidence.


Argued October 19, 1922. Appeal, No. 96, Oct. T., 1922, by plaintiffs, from order of C. P. Allegheny Co., July T., 1921, No. 1419, entering judgment for defendant n. o. v., in case of J. H. Kreuer et al. v. Union National Bank of McKeesport. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for defendant's breach of contract as depositary. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs on which judgment was entered n. o. v. for defendant. Plaintiffs appealed.

*Error assigned* was entry of judgment for defendant n. o. v., quoting order and exception.

*W. G. Negley,* with him *James A. Wakefield,* for appellants.—To say the least, judgment n. o. v., as it is now, is a very drastic method of dealing out justice. The federal courts seem to hold that the Pennsylvania Statutory method of making judgment n. o. v. cover a record which includes testimony is an incroachment on due process. Courts will not uphold such judgment if there is any inference of fact against it: Rice v. R. R., 271 Pa. 180; Geiger v. Garrett, 270 Pa. 192; Mackin v. Patterson, 270 Pa. 107; Wolf v. Sweeney, 270 Pa. 97; Piper v. Express Co., 270 Pa. 54; Rucker v. Spicer, 269 Pa. 451; Keinath v. Bullock, 267 Pa. 589; Flanigan v. McLean, 267 Pa. 553; Bowser v. Light & Power Co., 267 Pa. 483; P. R. R. v. Roydhouse, 267 Pa. 368; Backstrom v. Dept. Stores, 266 Pa. 489; Kennelly v. Waropayak, 266 Pa. 94.

The acceptance of the office of agent implies an obligation to keep the principal indemnified from all unauthorized acts committed under color of the agency: Bank v. Bank, 1 Pars. Eq. Cases 180; Beal v. Express Co., 13 Pa. Superior Ct. 143.

There was a clear time limit placed in the receipt drawn by the bank, and consequently to be strictly construed against it: E. B. Smith & Co. v. Collins, 165 Fed. 148; Schlater v. Winpenny, 75 Pa. 321; Rhodes v. Good, 271 Pa. 117; Hutchinson Baking Co. v. Marvel, 270 Pa. 378; Safron v. McBurney, 269 Pa. 392; Albert v. P. R. T., 252 Pa. 527.

This is a special agency contract which for that reason must inherently be strictly construed: Gorsuch v. Berman, 270 Pa. 8; Varner v. Oil Co., 64 Pa. Superior Ct. 544; Stokes v. Dewess, 24 Pa. Superior Ct. 471;

MacDonald v. O'Neil, 21 Pa. Superior Ct. 364; 9 Cyc. 590.

The question of agency and the extent of authority were purely questions for the jury: Lieberman v. Colahan, 267 Pa. 102; American C. & F. Co. v. Water Co., 218 Pa. 542.

As between a principal and third parties a special agent cannot bind his principal beyond his express authority: Hoffman v. Morano, 71 Pa. Superior Ct. 26; Mack v. Trust Co., 33 Pa. Superior Ct. 128.

*John C. Bane,* with him *Robert F. Graham,* for appellee.—The delivery of an instrument of writing in escrow, puts it beyond the control of the depositor. When the condition has been performed, or the fact has been ascertained, or the contingency has occurred, the obligee or beneficiary forthwith becomes entitled to possession of the instrument: Dillinger v. Ogden, 244 Pa. 20; Mitchell v. Minnig, 68 Pa. Superior Ct. 306.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This is an action of assumpsit against a depositary for the delivery of a certified check for $5,000, held in escrow, in alleged violation of the contract under which it was deposited.

In April, 1919, William Adams, being the owner of a tract of land in Versailles Township, Allegheny County, executed an oil and gas lease for five acres thereof to the Philadelphia Company, by which it was assigned to T. W. McFadden and William Heilman, on January 10, 1920. This land was supposed to be in the McKeesport natural gas belt, about which there was then so much excitement that the assignees of the lease divided the five acres into lots fifty feet wide, for the purpose of subletting. The plaintiffs, J. H. Kreuer and S. G. Anthony, being desirous of securing territory for the purpose of drilling a gas well, arranged with McFadden and Heilman for a sublease of one of the lots for the consideration

of $6,500, of which $1,000 was paid in hand; but before paying the balance, plaintiffs insisted on their attorney's approval of the original lease from Adams to the Philadelphia Company. The parties discussed this question at the Union National Bank (defendant), in McKeesport, in the presence of C. I. Erickson, the assistant cashier, where it was agreed plaintiffs' checks for the $5,500 should be temporarily deposited. On receipt thereof the bank gave plaintiffs a writing as follows: "McKeesport, Pa., Feb. 2, 1920. Received of J. H. Kreuer and S. G. Anthony checks amounting to $5,500, said checks to be surrendered to T. W. McFadden and William Heilman on or before the expiration of ten days from date hereof, provided that title to a certain lease to Philadelphia Company, Deed Book, Vol. 1969, is passed O. K. by attorney for Messrs. Kreuer and Anthony. [Signed] Union National Bank, C. I. Erickson." Eighteen days thereafter the bank, having received no word from plaintiffs or their attorney, and without inquiry, delivered to McFadden and Heilman the checks in question. Immediately following the deposit of the checks with defendant, plaintiffs employed W. G. Negley, Esq., of the Pittsburgh Bar to examine the Adams' lease, but he seemed unable to make report thereon within the ten days, at least did not; but on February 24, 1920 (four days after the bank had parted with the checks), he telephoned the defendant, and also notified his clients, of his refusal to approve the title to the lease and, in effect, forbidding the delivery of the checks, while either he or his clients gave defendant a like written notice on the following day. One of the checks in question was a certified check for $5,000, which was cashed by McFadden and Heilman, and this suit was brought to recover that amount from the bank. At the trial, defendant's assistant cashier, Erickson, testified, inter alia, as follows: "And this [the $5,500] was to constitute the balance of the payment, and it was also understood between all of the parties that the attorney for Messers. Kreuer and Anthony

would have time to report on the title within ten days,
and at the expiration of the ten days we were to turn
the money over to Messrs. Heilman and McFadden";
and the trial judge instructed the jury to find for the
defendant if they believed that evidence. The verdict,
however, was for the plaintiffs for the $5,000, but there-
after the court below entered judgment for defendant
non obstante veredicto; from which plaintiffs brought
this appeal.

The entry of such judgment was based upon the trial
court's construction of the above-quoted escrow agree-
ment as authorizing a delivery of the checks to McFad-
den and Heilman, after the ten days, without plaintiffs'
attorney having passed or approved the title to the lease.
To this order we cannot assent. The passing of the title to
the lease by the attorney was a condition precedent to
closing the transaction, which, except by plaintiffs' con-
sent, could not be done otherwise. The contract does
not say the checks are to be turned over at the expira-
tion of the ten days unless the title to the lease is disap-
proved by plaintiffs' attorney within that time, but that
they are then to be turned over on condition that he had
done the affirmative act of approving the title. This not
having been done, the delivery of the checks was un-
authorized and the defendant liable to plaintiffs for the
damages sustained thereby: 21 C. J. p. 879, 884. "As the
depositary is bound by the terms of the deposit and
charged with the duties voluntarily assumed by him, the
rule is that liability attaches to him if he improperly
parts with his deposit": 10 R. C. L., p. 634. To like ef-
fect is Wilkins v. Somerville (Vt.), 130 Am. St. R. 906,
949; Citizens Nat. Bank v. Davisson, 229 U. S. 212;
Riggs et al. v. Trees, 120 Ind. 402, s. c. 22 N. E. 254;
Brown et al. v. Citizens State Bank, Ltd., 17 Idaho 716,
s. c. 107 Pac. 405; see also Safron v. McBurney et al.,
269 Pa. 392. The depositary is agent or trustee for both
parties (21 C. J., p. 878; 11 Am. and Eng. Enc. Law,
2d ed., 345) and is under the implied obligation to in-

demnify the principal from all unauthorized acts committed under color of the agency: Bank of Kentucky v. Schuylkill Bank, 1 Parsons Select Equity Cases 180, 217, 218; and see Etter v. Bailey, 8 Pa. 442. It is also a special agency and, as such, the authority of the agent must be strictly construed and not extended beyond what is given in terms, or what is necessary and proper for carrying the authority so given into full effect: 10 R. C. L., p. 634; and see Varner v. South Penn Oil Co., 64 Pa. Superior Ct. 544, 549.

Without passing upon the question of the competency or sufficiency of Erickson's testimony to vary the terms of the written escrow agreement, it could not in any event be declared as matter of law to have that effect; for, as oral evidence, its credibility was for the jury, and the charge of the trial judge upon that question gave the defendant every advantage to which it was entitled under any aspect of the case. As this is a motion for judgment for defendant n. o. v., plaintiff must be given the benefit of every fact and inference of fact pertaining to the issues involved, which may reasonably be deduced from the evidence: Mountain v. American W. G. Co., 263 Pa. 181. We need not here pass upon the right of either party to compel the consummation of the transaction after the expiration of the ten days, for the bank could not forestall that question by a premature delivery of the checks.

The expression, "title to the lease," in the escrow agreement, is not confined to the lessor's title to the land, but includes the rights and privileges thereby conferred upon the lessee, and, in that sense, the objections made to the lease by plaintiffs' attorney must be treated as bona fide and not captious. Furthermore, this suit is for defendant's breach of contract in delivering the checks without the approval of the lease by plaintiffs' attorney and does not involve the actual validity of his reasons for failure to approve.

The judgment is reversed and the record is ordered remitted to the court below that judgment may be entered for the plaintiffs upon the verdict.