## Camp, Appellant, *v.* The Commonwealth Title Insurance & Trust Co.

*Real estate—Purchase of real estate—Settlement certificate—Agreement to hold purchase money—Possession by vendee—Sheriff's sale—Judgment n. o. v.*

In an action of assumpsit by a purchaser of real estate against a title insurance company to recover money paid at the time of settlement, the plaintiff claimed that the clerk of the defendant company had agreed to hold the purchase money until plaintiff made an investigation. It appeared that the agreement was made after the money had been paid into the company and the settlement certificate had been approved and signed by both grantor

## 508 CAMP, Appel., *v.* COM. TITLE INS. & TR. CO

and purchaser. It further appeared that the agreement was made without the knowledge of the grantor, who delivered up possession of the premises in reliance upon the settlement certificate, and that plaintiff, after having been in possession of the premises for five months, was ousted, pursuant to a sheriff's sale under one of the mortgages encumbering the real estate, and subject to which the premises were conveyed.

Under such circumstances the court properly entered judgment non obstante veredicto in favor of the defendant.

The grantor having done everything which he was required to do under the certificate, the balance due him in the company's hands was payable to him and payment thereof could be enforced by him against the company if it refused payment.

The alleged agreement could not affect the grantor's right to the money when he had fulfilled the conditions requisite to its payment. As the plaintiff went into possession following the settlement certificate, and remained in such possession, never attempting a rescission of the contract, nor tendering a re-delivery of the premises, and demanding of the grantor re-payment of the moneys paid him, he is in no position to claim the effects of a recission in an attempt to seize to his own use property belonging to the grantor.

Argued October 30, 1925. Appeal No. 221, October T., 1925, by plaintiff from judgment of C. P. No. 5 Philadelphia County, March T., 1922, No. 1809, in the case of Oliver S. Camp v. The Commonwealth Title Insurance and Trust Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit by purchaser of real estate to recover money deposited with a title insurance company. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,440.42. The court subsequently, on motion, entered judgment non obstante veredicto in favor of the defendant. Plaintiff appealed.

*Error assigned* was the entering of judgment non obstante veredicto in favor of defendant.

*D. J. Dolan,* for appellant.

*Theodore F. Jenkins,* for appellee.

OPINION BY KELLER, J., February 26, 1926:

This was an action in assumpsit brought by the purchaser of real estate against the trust company which effected the settlement to recover back the money paid by the trust company to the grantor of the real estate pursuant to the settlement certificate. The action was based on an alleged agreement made by plaintiff with the trust company's clerk,—after the money had been paid into the company and the settlement certificate, providing for the distribution of the fund, had been approved and signed by both grantor and purchaser,— that he would hold the balance payable to the grantor until the plaintiff could employ an attorney and make an investigation, the exact character of which was not disclosed. This alleged agreement was admittedly made without the knowledge of the grantor, who delivered up possession of the premises to the purchaser in reliance upon the settlement certificate, under which he was to receive the balance of the consideration money as soon as a second mortgage to be given by him to a building and loan association was executed and recorded and the deed from him to the purchaser and a purchase money mortgage from the latter to him were subsequently put on record.

This plaintiff went into possession of the premises the day following the execution of the settlement certificate and remained in such possession for five months, until he was ousted pursuant to a sheriff's sale under one of the mortgages encumbering the real estate and subject to which the premises were conveyed to him. He lost the property through no defect of title in the grantor but because of his own default in failing to pay the interest and certain instalments of principal

which he had assumed to pay on the mortgages encumbering his purchase.

The trust company occupied a dual relationship in the transaction. It agreed to insure the title of the plaintiff against all defects save such as were excepted in its policy of insurance. With this the grantor was not directly concerned. But in issuing its settlement certificate it was acting for both parties and was bound to the grantor no less than to the purchaser to pay out the money received in accordance with its terms. When everything had been done by the grantor which he was required to do under the certificate, the balance due him in the trust company's hands was then payable to him and payment thereof could be enforced by him against the trust company, if it refused payment. The alleged agreement of the trust company's clerk to "hold" the money did not alter the situation. It could not affect the grantor's right to the money when he had fulfilled the conditions requisite to its payment. As the plaintiff went into possession following the settlement certificate, and remained in such possession, never attempting a rescission of the contract nor tendering a redelivery of the premises, and demanding of the grantor repayment of the moneys paid him, he is in no position now to claim the effects of a rescission and attempt to seize to his own use property belonging to the grantor. See Corp. F. & F. Co. v. Stoffregen, 264 Pa. 215. Even if the company had withheld the payment as requested by the plaintiff, the grantor's title to it would not have been affected and on the state of this record, the plaintiff could not have recovered it from the company.

Hence we are of opinion that binding instructions should have been given for defendant as requested and the court below was right in entering judgment in its favor non obstante veredicto. The case chiefly relied upon by the appellant (Kreuer v. Union Nat. Bank, 276 Pa. 201) is not in point. In that case money was

paid by plaintiff to defendant under an express agreement that it was not to be paid out to a third person until the plaintiff's attorney had approved the title proposed to be conveyed; and the defendant violated its agreement by making payment though plaintiff's attorney did not approve the title and plaintiff did not accept it nor assume possession of the premises.

The assignment of error is overruled and the judgment is affirmed.