buyer who entered into negotiations with Brenner. The
Chancellor found as a fact that as a result of these
negotiations, the seller and the buyer entered into a
final written agreement of sale which was drafted and
prepared by Brenner and executed by seller even be-
fore it was shown to buyer. Pursuant to the terms
of the agreement and in full performance thereof by
the buyer, the entire purchase price was paid by the
buyer to Brenner in escrow for the seller. Brenner
thereafter absconded with the money prior to per-
formance of the agreement by the seller.

The narrow question presented on this appeal is:
Upon whom shall fall the loss occasioned by Brenner's
embezzlement? The lower Court decreed specific per-
formance and the seller now appeals from that decree.

The pertinent provisions of the sales agreement are:
"3. The said sum or sums of Seventy-five hundred dol-
lars shall be placed with Herbert Brenner, at the sign-
ing of this agreement to be held by him in escrow until
the approval by the Commonwealth of Pennsylvania
of the transfer of the aforementioned P. U. C. License.
Upon approval of the Commonwealth of Pennsylvania
the said Herbert Brenner shall pay over to the said
Thomas J. Kennedy [the seller] the monies held in es-
crow by him. 4. That on due execution of these agree-
ments by the parties herein the said Thomas J. Ken-
nedy [the seller] will file with the Commonwealth of
Pennsylvania the necessary application for the trans-
fer of the said P. U. C. License to the buyer. It is un-
derstood and agreed that the said Thomas J. *Kennedy*
[the seller] *shall defray and pay all costs of the said
transfer.*\* . . . 10. The seller agrees to pay Herbert
Brenner . . . a commission in the sum of $500.00 of
which said sum the said Herbert Brenner shall defray

\* Italics throughout, ours.

*for the seller* the expenses of the transfer of the afore-mentioned P. U. C. License by the buyers."

It is unnecessary to define or to point out the difference between an escrow and an escrow agreement. See *Angelcyk v. Angelcyk,* 367 Pa. 381, 384, 385, 80 A. 2d 753. The depositary (of an escrow or) under an escrow agreement is generally considered to be an agent (or trustee) for both parties—a special agency whose authority must be strictly construed, and who is bound by the terms of the escrow agreement: *Kreuer v. Union National Bank,* 276 Pa. 201, 205, 206, 119 A. 921; *Kellogg v. Curry,* 226 P. 2d 381 (Cal. 1951); *People v. Hess,* 234 P. 2d 65 (Cal. 1951); 21 C. J., page 878; 11 Am. & English Encyclopaedia Law, 2d Ed., p. 345; 19 Am. Jur., sec. 13, p. 430.

If Brenner were acting purely as an escrow agent for both parties, then under general escrow law the loss would be on the buyer. Under the usual escrow agreement, the depositor loses control of the instrument or money placed in escrow, although he still retains legal title thereto until performance of the condition or the happening of the specific event upon which delivery is to be made by the depositary. Cf. *Baum's Appeal,* 113 Pa. 58; *Lipman, Trustee, v. Noblit,* 194 Pa. 416, 45 A. 377; 30 C. J. S., sec. 9, pages 1206, 1207; 19 Am. Jur. sec. 11, p. 426.

Was this an ordinary escrow agreement, or considering all the attendant facts and circumstances was Brenner in fact and in law the agent of the seller at the time of the embezzlement?

It is undisputed that Brenner was first employed by the seller to obtain a buyer for his business. As a result of the advertisement inserted in a newspaper by seller's agent, Brenner, the buyer delivered to Brenner, as agent for the seller, a check made payable to Brenner for $500. down money along with a verbal