## Evans v. Gartling

*Leonard B. Rosenthal*, for plaintiff.
*Ashton Locke Worrall*, for defendant.

ALESSANDRONI, P. J., April 16, 1957.—This is a complaint in assumpsit to recover moneys held in escrow by defendant; the agreement which established the deposit appointed plaintiff and defendant the escrows. Defendant filed preliminary objections in the nature of a demurrer.

The complaint avers that plaintiff represented Raymond H. Whitney, defendant in a divorce action, and defendant represented Doris H. Whitney, his wife. On June 2, 1954, the parties to the divorce action executed a property settlement agreement defining the rights and obligations of the parties in anticipation of the dissolution of the marriage. The written agreement provided, inter alia, that husband would deposit $5,000 in escrow for purposes set forth in the agreement; the money was to be paid over as the charges on the fund accrued. Plaintiff and defendant witnessed execution of the agreement. Pursuant to the terms thereof the money was deposited by husband and disbursements were made from the fund from time to time.

The agreement also provided that if the divorce action which was then in progress was delayed in completion more than six months from June 2, 1954, the husband had the option of demanding from and being paid by the escrows the balance of the $5,000 fund less any authorized expenditures.

The complaint alleges that the divorce proceedings have been delayed beyond the prescribed period, that there is presently a balance of $2,175 in the fund, that husband through plaintiff has exercised his option and that plaintiff thereupon forwarded to defendant a check for signature, and that defendant has refused to sign the check and pay over the balance.

Accepting as true, as we must, all the facts well pleaded in the complaint, the essential question presented is whether plaintiff has sufficiently stated an action in assumpsit against defendant.

An escrow is a deposit with a third party to be held until the performance of a condition or the occurrence of a specific contingency in which event the escrow agent must perform: Angelcyk v. Angelcyk, 367 Pa. 381. The escrow agent must act in accordance with the terms of his authority; the authority is to be strictly construed: Paul v. Kennedy, 376 Pa. 312. Upon deposit in escrow, the depositor loses control of the deposit, until and unless the condition or contingency upon which the deposit is made occurs or fails.

It is well settled that an action of assumpsit will lie against the escrow if he improperly parts with the deposit: Kreuer v. Union National Bank, 276 Pa. 201. Plaintiff argues that the converse is true, i.e., assumpsit will lie against the escrow if he keeps and refuses to pay over the deposit pursuant to the authority conferred by the agreement. Plaintiff has cited no support for the proposition urged, and our own research has revealed no authority for the principle.

It appears that assumpsit will not lie against an escrow for refusal to perform unless the escrow expressly assumed personal liability for performance. An escrow agent is an agent or trustee for both parties (Kreuer v. Union National Bank, supra) ; a trustee is not personally liable unless he expressly assumes that liability: Pennsylvania Co., etc., v. Wallace, 346 Pa. 532.

Plaintiff's complaint fails to plead an action at law; the remedy lies in equity for specific performance of the agreement: Baum's Appeal, 113 Pa. 58. Although our rules provide for the transfer of cases filed in equity to the law side when it is ascertained that equity lacks jurisdiction of the subject matter (Pa. R. C. P. 1509 (c) ), we know of no authority for the transfer of a case from the law to the equity side, when the complaint reveals lack of jurisdiction on the law side.

The preliminary objections, for the reasons given, must be sustained and the complaint dismissed.

*Order*

And now, to wit, this April 16, 1957, defendant's preliminary objections are sustained; the complaint is dismissed without prejudice.