## Morrisville-Falls Development Corp. v. City Title Insurance Co.

*Alan D. Williams, Jr.,* for plaintiffs.

*Harold S. Patton* and *Samuel M. Snipes,* for defendants.

BIESTER, P. J., February 21, 1967.—This is a suit in equity in which it is averred that plaintiffs entered into a written agreement of sale with defendant Nathan Wechsler by which plaintiffs agreed to convey their premises to defendant for a total consideration of $80,000. It is averred that in accordance with the terms of the agreement of sale, formal settlement was held on August 6, 1965, and that, at the conclusion of the settlement, defendant Wechsler authorized and directed the City Title Insurance Company to make distribution in accordance with the settlement figures. The first count of the complaint seeks a decree directing the title insurance company to pay to plaintiffs all sums of money now being held by them as proceeds of the agreement of sale and the settlement. A second count of the complaint alleges that defendant Wechsler, following his signing and approval of the settlement documents, unilaterally directed the title insurance company to withhold the sums of money to which plaintiffs allege they are entitled.

Service of the summons was appropriately made on the title insurance company and made as to defendant Wechsler by registered mail in Washington, D. C.

Preliminary objections were filed raising the objection of lack of jurisdiction.

Plaintiffs base jurisdiction in Bucks County on Pa. R. C. P. 1503 (a), which states:

". . . an action may be brought in and only in a county in which (1) the defendant or principal defendant may be served, or (2) the property or a part of the property which is the subject matter of the action is located, but a judgment, order or decree shall not bind a defendant personally unless he is served

within the county, or within the Commonwealth in conformity with Rule 1504(b). . . ."

Rule 1504(b) allows extraterritorial service if the principal defendant was served within the county, or if the subject matter is property within the jurisdiction of the court.

Plaintiffs contend that City Title is a principal defendant and that the property which is the subject matter of the action is located within this county.

Defendants, on the contrary, argue that City Title is not an active party in the case, but merely a passive agent of defendant Wechsler, that is to say, that its duties are merely ministerial, and further that this is an action in personam and not in rem, and what is actually being sought is specific performance for the sale of real estate, citing cases such as Atlantic Seaboard Natural Gas Company v. Whitten, 315 Pa. 529; Conley-Irwin Corp. v. Reiter, 413 Pa. 213.

Although we have found no cases precisely in point, it is our conclusion that the title insurance company, under circumstances such as this, is a principal defendant, that is to say, one whose presence in the action is so necessary that plaintiff's rights cannot be properly adjudicated by the court unless he is subject to its jurisdiction: Bird v. Sleppy, 265 Pa. 295; Whitaker v. Miller, 301 Pa. 410; 8 Standard Pa. Prac. 89.

In Bird v. Sleppy, page 298, the court quotes at length from Coleman's Appeal, 75 Pa. 441, as follows:

"In deciding who ought to be parties, it is necessary to distinguish between active and passive parties; between those who are so necessarily involved in the subject in controversy and the relief sought for, that no decree can be made without their being before the court; and such as are formal or so far passive, that complete relief can be afforded to those who seek it, without affecting the rights of those who are omitted.

. . . But if a decree can be made without affecting the rights of a person not made a party, *or without his having anything to perform necessary to the perfection of the decree,* reason as well as adjudged cases will warrant the court in proceeding without him, if he be not amenable to the process of the court or no beneficial purpose is to be effected by making him a party". (Italics supplied.)

By way of further clarification, the court said in Bird v. Sleppy, page 298:

"The test, under the act, for the service of a writ outside the jurisdiction of the court is not the apparent fraud averred in the bill, but, what is the relief sought, and does the relief prayed for necessarily involve rights of the person charged as being the principal defendant, so that his presence is necessary to the validity of the decree? If such decree can be made, effectively answering the prayer for relief, closing all questions with reference to the subject-matter involved, without the joinder of such person as a defendant, he cannot be considered as a principal defendant though he may have a secret undisclosed interest, which, like any other secret undisclosed interest, is not effective unless asserted in a legal way".

The Bird case, therefore, suggests that principal defendants are defendants so involved in the controversy under the relief sought for that a decree could not effectively be carried out unless the court has jurisdiction over them. Here, City Title is the asset holder, and we are unable to conclude from the record in the case that City Title is only awaiting the word of Wechsler before complying with the terms of the contract and remitting the proceeds to plaintiffs.

From what appears on the present record, at the time plaintiffs instituted suit, the remedies which plaintiffs were seeking were primarily against defendant City Title for delivery of settlement funds and

notes in accordance with the settlement certificate, and it would appear that suit might have been instituted against City Title alone without joining Wechsler as a party defendant. This is, in fact, what was done in the case of Camp v. The Commonwealth Title Insurance & Trust Co., 87 Pa. Superior Ct. 507, under facts quite similar to those with which we are presently dealing. There, the court said, page 510:

"The trust company occupied a dual relationship in the transaction. It agreed to insure the title of the plaintiff against all defects save such as were excepted in its policy of insurance. With this the grantor was not directly concerned. But in issuing its settlement certificate it was acting for both parties and was bound to the grantor no less than to the purchaser to pay out the money received in accordance with its terms. When everything had been done by the grantor which he was required to do under the certificate, the balance due him in the trust company's hands was then payable to him, and payment thereof could be enforced by him against the trust company, if it refused payment. *The alleged agreement of the trust company's clerk to 'hold' the money did not alter the situation. It could not affect the grantor's right to the money when he had fulfilled the conditions requisite to its payment*". (Italics supplied.)

Of course, the Camp case directs itself to the merits, whereas our concern is with jurisdiction. However, if it can be shown at trial that City Title is liable to plaintiffs for the nonpayment of the funds, it should be more than obvious that City Title has a deep enough interest to warrant its inclusion as a principal defendant.

Having reached this conclusion, it is not necessary for us to determine whether under Pa. R. C. P. 1503(a), the property which is the subject of the action is located in this county. It may be observed,

however, that the rule does not specify that property means real property only. Cases on point deal mainly with the rule's predecessor, the Act of April 6, 1859, P. L. 387, as amended, 12 PS §1254, which referred specifically to land. The cases, therefore, have all seemed to raise the question only as it pertains to real estate. However, in Esher v. Esher, 25 D. & C. 2d 464, the court there found, under a situation similar to ours, that the action was in rem or quasi in rem and, therefore, allowed extraterritorial service.

ORDER

And now, to wit, February 21, 1967, the preliminary objections filed by defendants are hereby overruled and dismissed. Defendants shall have 20 days from notice of the filing of this opinion in which to file answers to the merits.