## Bartholomew v. Loreno

*Thomas R. Dobson,* for plaintiffs.
*P. Raymond Bartholomew,* for defendant Loreno.
*Archie O. Wallace,* for defendants Miller.

ACKER, *P.J.,* October 22, 1987—This matter comes for consideration upon motions filed by all defendants. Defendant Loreno filed a motion for judgment on the pleadings. Defendants Joseph and

Ann Miller have filed a motion for summary judgment. Plaintiffs commenced this action by filing a complaint in assumpsit against Loreno and the Millers. Defendants filed answers and subsequently filed the present motions.

The facts of the present case are as follows. Plaintiffs are both adults livng at R.D. no. 2, Hadley, Pa. Defendants, Joseph E. and Ann Miller, own by tenancy in the entirety a parcel of land located on Route 19 in Sheakleyville, Perry Township, Pa. On July 23, 1986, plaintiffs entered into a sales contract with the Millers for the purchase of the two-acre parcel of land. Defendant Loreno, a licensed real estate agent, was the agent for the Millers. Plaintiffs, at the time of the contract agreement, gave defendant Loreno $2,000 as a deposit for the land purchase. The $2,000 was to be held in escrow by defendant Loreno until closing or until the agreement was terminated. Closing was set for August 31, 1986.

Plaintiffs aver that the agreement was contingent upon them obtaining financing for the purchase of the parcel. They were denied financing. Plaintiffs made an oral demand upon defendant Loreno for return of their deposit and have not been successful.

Defendants contend there was no such contingency upon the agreement. They aver that since the portion of the sales agreement pertaining to the financing contingency was left blank, whether plaintiffs could obtain mortgage financing was entirely plaintiffs' own problem. Plaintiffs contend that a sales contract, alleged to be a rough draft of negotiations between plaintiffs and defendant Loreno, show the parties intended to have the purchase subject to obtaining a mortgage. On that sales agreement all wording after the word mortgage was crossed out. At this time defendant Loreno had

plaintiffs sign blank sale agreements, which plaintiffs contend Loreno assured them he would conform to reflect the parties' negotiations and he would have the Millers sign. On the sales agreement signed by all parties all words after "mortgage" were not struck out and the mortgage contingency clause was left blank. This instrument had previously been signed in blank by plaintiffs. There is no allegation they saw or approved the draft signed by all parties after they signed in blank. All defendants aver this previous sales agreement should be excluded from evidence by the parol evidence rule. Therefore, defendants contend the final agreement speaks for itself and there is not a mortgage contingency clause. Defendants, the Millers, therefore advance they are entitled to retain the down payment pursuant to the liquidated damage clause in the contract. In disposition of these matters, we shall first consider defendants, the Millers', motion for summary judgment.

## Motion for Summary Judgment

A motion for summary judgment may properly be granted only if the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa. R.C.P. 1035(b); see also, *Washington Federal Savings and Loan v. Stein,* 357 Pa. Super. 286, 288, 515 A.2d 980, 983 (1986). A motion such as the one filed by the Millers that is based solely on the pleadings is more correctly called a motion for judgment on the pleadings rather than a motion for summary judgment. *Beardell v. Western Wayne School District,* 91 Pa. Commw. 348, 352, 496 A.2d 1373, 1375

(1985). Since the rules for granting either motion are similar, the failure of defendants to call the motion one for judgment on the pleadings is not fatal. *Id.* We will then examine defendants' Motion as though it were one for judgment on the pleadings.

## Motion for Judgment on the Pleadings

A motion for judgment on the pleadings may be granted only in cases where no facts are at issue and the existing law is so clear that a trial is not necessary. *Beardell v. Western Wayne School District,* 91 Pa. Commw. at 353, 496 A.2d at 1375; see also, *Matthew-Landis v. Housing Authority,* 240 Pa. Super. 541, 361 A.2d 742 (1976); Goodrich-Amram 2d, §1034(a):1. The court must view all well-pled facts of the non-moving party as true. *Beardell v. Western Wayne School District,* 91 Pa. Commw. at 353, 496 A.2d at 1375-6. Any doubt should be resolved against the non-moving party. *Aetna Electroplating Co. Inc. v. Jenkins,* 335 Pa. Super. 283, 285, 484 A.2d 134, 135 (1984). Judgment is proper only when no material facts are in dispute. *Dudash v. Palmyra Borough Authority,* 335 Pa. Super. 1, 7, 483 A.2d 924, 927 (1984). Judgment will not be entered unless the right to such judgment is clear and free from doubt. *Vogel v. Berkley,* 354 Pa. Super. 291, 296, 511 A.2d 878, 880 (1986).

The Millers base their motion on the statute of frauds and the parol evidence rule. They contend allowance of extrinsic evidence regarding the mortgage contingency clause is barred by the parol evidence rule, and its allowance into evidence would circumvent the purpose of the statute of frauds. We decline to accept defendants' position and conclude

both principles will not bar the introduction of the handwritten sales agreement.

It is well settled, the purpose of the statute of frauds is to prevent an assertion of a verbal understanding to create interests or estates in land and to obviate the opportunity for fraud and perjury. *Knauer v. Knauer,* 323 Pa. Super. 206, 229, 470 A.2d 553, 565 (1983); see also, *Simplex Precast Industries Inc. v. Biehl,* 395 Pa. 105, 149 A.2d 121 (1959). Although a plaintiff may not be entitled to specific performance because of the statute, he would still be entitled to damages that were incurred upon reliance on the contract. *Dvorak v. Beloit Corp.,* 65 D.&C. 2d 514, 520 (1974). This may be done by showing a meeting of the minds, parol or written. *Id.;* see also, *Polka v. May,* 383 Pa. 80, 84, 118 A.2d 154, 156 (1955). An agreement relating to a deposit on the purchase price of realty and providing for its use in a certain way or its return is not within the statute. 37 C.J.S. Statute of Frauds §97, p. 596. As to the rights contained under a contract, except that of specific performance, an oral (parol) contract stands on the same footing as a written contract. *Peters v. Webb,* 1 Bucks L. Rep. 254, 257 (1950).

The statute of frauds is not a mere rule of evidence, but a limitation on judicial power to order specific performance of a contract. *Target Sportswear v. Clearfield Foundation,* 327 Pa. Super. 1, 10, 474 A.2d 1142, 1147 (1984); see also, *Haskell v. Heathcote,* 363 Pa. 184, 69 A.2d 71 (1949). Truly, allowance of parol evidence to clarify the contract will reduce the written agreement to a parol agreement; our statute of frauds has been construed as permitting damages for a breach of an oral agreement to sell land. *Weir v. Rahon,* 279 Pa. Super. 508, 512, 421 A.2d 315, 317 (1980); see also, *Polka v. May, supra.* Extrinsic evidence will be ac-

cepted as admissible to explain or clarify an ambiguity in the written instrument and not violate the statute of frauds. 1. Ladner on Conveyancing in Pennsylvania §6.03(b).

Defendants' position and cases relied on are correct statements of law but somewhat misplaced in our situation. Defendants' case law correctly states that specific performance will not be enforced pursuant to an oral contract. Similarly, due to the statute of frauds, parol evidence will not be allowed to prove the terms of a contract when specific performance is sought. However, plaintiffs here did not seek specific performance of the contract.

We conclude that the parol evidence rule will not preclude the introduction of the first agreement where all after "mortgage" was stricken. Where a writing is incomplete, or blank spaces exist in the agreement, parol evidence is admissible to explain the instrument. *Beamesderfer v. Hopp et vir,* 41 Berks L.J. 43, 46 (1948). Where blanks have been left in contracts for the sale of realty, Pennsylvania courts have allowed parol evidence for a fair and full interpretation of the ambiguity and denied defendants' motion for judgment on the pleadings. *Evans v. Marks,* 421 Pa. 146, 153, 218 A.2d 802, 805-6 (1966); *Wilson v. Hane,* 14 Chester 222, 224 (1966). Relevant declarations between the parties made in the presence of each other are admissible to set forth an understanding or agreement which existed between the parties when blanks are contained in the agreement. *Beamesderfer, supra* at 47. If the agreement or provision is clear on its face and is not reasonably capable of differing interpretation, the intent of the parties must be ascertained from the writing itself. *Stern v. Vic Snyder Inc.,* 325 Pa. Super. 423, 433, 473 A.2d 139, 145 (1984). However, where the terms of a contract are suscep-

tible to more than one meaning, parol evidence will be admissible to clarify the ambiguity and to establish the parties' intention. *Logue v. The Allen Laundry Inc.*, 3 D.&C. 3d 94, 98 (1977). The waiver of a contractual right, such as the return or no-return of an escrow deposit, must be clear, unequivocal, and a decisive act of a party. *R.F. Felte Inc. v. White*, 451 Pa. 137, 144, 302 A.2d 347, 351-2 (1973); *Brown v. Pittsburgh,* 409 Pa. 357, 186 A.2d 399 (1962). To go beyond the four corners of the agreement, to ascertain the parties intent, the covenant should be ambiguous on its face. *Berger v. Ackerman*, 293 Pa. Super. 457, 462, 439 A.2d 200, 203 (1981).

We conclude that the admittance of the prior sales agreement would not add or subtract from the final sales agreement, but merely clarify a provision in dispute. Surely, blanks left in a contract for sale are equivocal and ambiguous. One interpretation is that since the provisions regarding financing were left blank, that the provision was therefore inapplicable. On the other hand, the blanks may be interpreted, that since the provision was not eliminated totally, the blanks were to be filled out at a later date or were inadvertently left blank. Blank spaces contained in any document are susceptible to two or more interpretations. Due to the ambiguity, parol evidence should be admitted to establish the true intent of the parties. Provisions with blank spaces cannot be considered express language.

We conclude that we cannot freely and clear of doubt grant the Millers' motion for judgment on the pleadings. There is still a factual dispute as to whether the mortgage clause was to be filled in. Taking plaintiffs' well-pled facts as true, and the factual ambiguity created by the incomplete sales agreement, the motion is denied.

### *Loreno's Motion for Judgment on the Pleadings*

We now consider defendant Loreno's motion for judgment on the pleadings. Defendant Loreno contends also that the parol evidence rule bars the introduction of the prior sales agreement. Consistent with the previous discussion concerning the parol evidence rule, we decline to accept this position and do not grant the motion on that basis. Defendant Loreno also contends that they were properly acting in a principal-agent relationship by turning over to the Millers the down payment pursuant to the liquidated damage clause.

Case law in Pennsylvania appears to be unclear as to whether the real estate agent can be held accountable for failure to return a buyer's down payment. As defendant Loreno duly notes, cases have held that where an agreement to sell land is signed by a person as an "agent," and the body of the agreement shows that such person was acting solely for the owner, he cannot be held personally responsible for return of the down payment. *Yentis v. Mills,* 299 Pa. 25, 30-1, 148 Atl. 909, 911 (1930). This view holds that, due to the relationship between the broker and the homeowner being a contractual agency, the broker is primarily the agent of the person who has hired him. *Trott v. Hild,* 190 Pa. Super. 85, 91-2, 151 A.2d 832, 835 (1959). The broker is held not liable for the return of a deposit received on behalf of a disclosed principal under an agreement for sale of real estate if the sale is not consummated. *Trott, supra.* Under this view, the agent should be authorized to return the down payment by the principal before he does so. *Peters v. Webb, supra* at 256.

Other courts have scrutinized the factual setting to arrive at an opposite outcome. Some courts have held that the broker is obligated to return the down payment to the prospective buyers. See *Alquist et ux v. Billman et al.* 26 Lehigh L.J. 162, 167 (1954). A depositary or escrow agent can be bound by the terms of the deposit and charged with duties voluntarily assumed by him, and if he improperly parts with the deposit, he is liable for the loss. *Kruer et al. v. Union National Bank,* 276 Pa. 201, 205-6, 119 Atl. 921, 922 (1923). Where the real estate agent has taken possession of the down payment to be held for the mutual benefit of both parties until the sale is consummated, in the appropriate circumstances, the agent may be liable for the return of the deposit to the buyers and a suit may be maintained by the buyer. *Zeiger v. Patrick,* 10 Lebanon Leg. J. 30, 31 (1964). Courts in Pennsylvania have allowed a suit to be maintained in assumpsit for the deposit alleging the agent breached a separate duty to the buyers. *Luviner v. Price,* 58 D.&C. 2d 191-3 (1972).

Since the law appears uncertain in this matter, we conclude defendant Loreno's motion for judgment on the pleadings should be denied. Taking plaintiffs' facts as true, Loreno could be liable for the deposit if he was acting as an escrow agent for the benefit of both parties. Should the trier of fact determine there was a mortgage contingency clause in the sales agreement and that defendant Loreno failed to conform other agreements to that first signed by plaintiffs despite his promise to do so, he may well have wrongfully turned the deposit over to the Millers.

Wherefore, we deny defendant Loreno's motion for judgment on the pleadings.

Hence, this

## ORDER

And now, on October 22, 1987, it is hereby ordered and decreed that defendant Loreno's motion for judgment on the pleadings and defendant Millers' motion for summary judgment are both denied.