# Pitcairn, Appellant, *v.* Pitcairn.

*Equity—Equity jurisdiction—Validity of marriage.*

Courts of equity in Pennsylvania do not possess the general powers of a court of equity, but only such as have been conferred upon them by statute.

Jurisdiction to declare a marriage void on account of the lunacy of one of the contracting parties has never been conferred upon the courts of Pennsylvania, and consequently these courts have no such jurisdiction.

*Equity—Jurisdiction—Marriage—Lunacy.*

Where an inquisition in lunacy has declared a husband a lunatic without lucid intervals during a period within which he had married, the wife cannot maintain a bill in equity to have her marriage declared valid.

Argued Nov. 5, 1901. Appeal, No. 134, Oct. T., 1901, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1901, dismissing bill in equity in case of Mary Pitcairn v. Robert Pitcairn, Dr. Ross V. Pitcairn, individually and as Committee of Albert Pitcairn, Robert S. Pitcairn, Thomas C. Pitcairn, Alfred Pitcairn, Annie E. Gamber, Clara Pitcairn, Luella Pitcairn, Bertha Pitcairn and Albert Pitcairn. Before Mc-Collum, C. J., Mitchell, Dean, Fell,. Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity to declare a marriage valid.

The bill alleged:

1. That Albert Pitcairn, one of the defendants, had become a lunatic, and that the inquest had found that at the date of the taking of the inquisition, April 19, 1901, he was a lunatic, and had been for upwards of four years preceding that date a

lunatic, without lucid intervals; that the inquisition has been confirmed nisi, and that Ross V. Pitcairn, a brother, had been appointed his committee.

2. That the mother of the lunatic had died many years ago, but that his father, Robert Pitcairn, his brothers, Dr. Ross V. Pitcairn, Robert L. Pitcairn and Thomas Pitcairn, his sister, Annie E. Gamber, and his nephews and nieces, Alfred B. Pitcairn, Clara Pitcairn, Luella Pitcairn and Bertha Pitcairn, all of whom are of full age (children of a deceased brother, W. W. Pitcairn), were his next of kin, all of them being defendants in said bill.

3. That the inquisition found complainant to be the wife of Albert Pitcairn, and that in fact she was lawfully married to him on August 29, 1897, at New Paris, Bedford county, Pennsylvania, by the Rev. J. W. Richards.

4. That it was untrue that Albert Pitcairn became a lunatic four years prior to the taking of said inquisition, and that as a matter of fact he was in the full possession of his faculties up until not over eighteen months prior to the taking of the said inquisition.

5. That the complainant had filed a traverse of the inquisition, because she was aggrieved in this, that although the inquisition found her to be the wife of the said Albert Pitcairn, it also found that prior to the date of her said marriage he was a lunatic without lucid intervals; and that said lunacy without lucid intervals continued up until the date of the taking of the said inquisition; and averred that she was advised and believed that she could not have a sufficient or adequate remedy by the trial of the said traverse.

6. That after Dr. Ross V. Pitcairn had been appointed committee. of the person and estate of the said Albert Pitcairn, complainant applied to the court of common pleas for an allowance out of his estate, as his wife; and that said application was met by an answer on the part of the committee, averring that Albert Pitcairn, at the date of the marriage, was, by reason of insanity, incapable of contracting marriage, and that complainant had enticed the said Albert Pitcairn, so being of unsound mind, to New Paris, Bedford county, Pennsylvania, where she had the said Albert Pitcairn make an affidavit, on which she procured a license from the orphans' court of Bed-

ford county, on August 26, 1897, and on August 29, 1897, procured one J. W. Richards, clergyman, to perform a marriage ceremony between her and said Albert Pitcairn, and further averring that your petitioner was not the lawful wife of the said Albert Pitcairn; all of which allegations, so far as they averred the lunacy of the said Albert Pitcairn at the time of said marriage or any fraud or improper conduct on her part, were denied. And she averred, that although a temporary allowance had been made by said court, her marriage was involved in doubt by reason of the aforesaid answer of said committee, and averred that she was deprived, and likely to be deprived of her marital rights, unless the validity of her marriage could be legally determined.

7. That under the laws of Pennsylvania there is no statute by which any provision is made for an adjudication as to a supposed or alleged marriage, where either or both of the parties to such marriage is or was, or is or was claimed to be a lunatic at the time of marriage, incapable of entering into the contract of marriage; and that she was advised and believed she had a right in equity to have the question of the validity or nonvalidity of her marriage determined.

The bill prayed:

1. For an issue to be framed between the parties to the bill for the information of the conscience of the court, to determine whether or not the marriage between complainant and said Albert Pitcairn was a valid or lawful marriage, or whether the same was invalid by reason of the alleged lunacy of Albert Pitcairn at the date of the marriage, or to determine such question by such proceeding according to the forms of equity, as the court should deem best.

2. To adjudge that the complainant was lawfully married to said Albert Pitcairn at the date of said marriage, and that said Albert Pitcairn at the date of said marriage was mentally competent to enter into the contract of marriage.

The defendants demurred to the whole bill.

The court entered a decree dismissing the bill. Plaintiff appealed.

*Error assigned* was the decree of the court dismissing bill.

*J. S. Ferguson,* with him *E. G. Ferguson* and *Henry Meyer,* for appellant.—If the trial of the traverse does not afford a complete and adequate remedy then undoubtedly the remedy we have invoked exists: Banker v. Banker, 63 N. Y. 400; McGinnis v. Com., 74 Pa. 245; Miskey's App., 107 Pa. 611; Noel v. Karper, 53 Pa. 97.

It is a settled principle of equity jurisprudence that if the remedy at law be doubtful, a court of equity will not decline cognizance of the suit: Davis v. Wakelee, 156 U. S. 686; 15 Supr. Ct. Repr. 555.

A bill in equity may be sustained solely on the ground that it is the most convenient remedy: Brush Elec. Co.'s App., 114 Pa. 574; Kirkpatrick v. McDonald, 11 Pa. 393; Drake v. Lacoe, 157 Pa. 17; Warner v. McMullin, 131 Pa. 370.

In the absence of legislation on the subject, a court of general equity jurisdiction, representing the state in its character of parens patriæ may readily exercise the same powers and control over the persons and property of lunatics and idiots, as were exercised in England by the lord chancellor under the authority of the Raleigh warrant: Dodge v. Cole, 97 Ill. 338; Nailor v. Nailor, 4 Dana (Ky.), 339; Matter of Colvin, 3 Md. Chan. 278.

After the death of the husband, the question of the validity of the marriage, questioned on the ground of lunacy, has been frequently litigated: Nonnemacher v. Nonnemacher, 159 Pa. 634.

The books are full of cases where the object of the proceedings was to annul the marriage: Baughman v. Baughman, 32 Kan. 538; Concord v. Rumney, 45 N. H. 423; Elsey v. Elsey, 1. Houst. Del. 309; Lewis v. Lewis, 44 Minn. 124; Kern v. Kern, 51 N. J. Eq. 574; Durham v. Durham, L. R. 10 Prob. Div. 80.

The court could have directed the committee to prosecute proceedings for declaring the marriage void on the ground of lunacy: Crump v. Morgan, 3 Ired. Eq. (N. C.) 97; Sims v. Sims, 121 N. C. 297.

*F. C. McGirr,* with him *John Marron,* and *T. C. Pitcairn,* for appellee.—The question in controversy has been ruled by this court in Gensemer's Est., 170 Pa. 96.

The question that determines every other question in the case is the lunacy or sanity of Albert Pitcairn and that could only be determined by the statutory proceeding provided for that purpose : Meurer's App., 119 Pa. 115.

The equitable jurisdiction of the courts of Pennsylvania by bill is exclusively the creation of statute: Dohnert's App., 64 Pa. 311 ; Gilder v. Merwin, 6 Wh. 540 ; Cassel v. Jones, 6 W. & S. 553.

OPINION BY MR. JUSTICE POTTER, January 6, 1902 :

This is an appeal from a decree dismissing a bill in equity, filed by the wife against a lunatic husband, his committee and his next of kin, to determine the validity or invalidity of the marriage as affected by the lunacy of the husband.   It appears from the allegations of the bill, that plaintiff and Albert Pitcairn were married on August 29, 1897 ; that on the 19th day of April, 1901, under proceedings in lunacy, the said Albert Pitcairn was found to be a lunatic, and that he had been without lucid intervals for upwards of four years prior thereto.

The plaintiff filed a traverse to this finding of the commission, which is still pending.   Being advised and believing that she could not have a sufficient or adequate remedy by the trial of the said traverse, plaintiff filed this bill in equity, praying to have the question of the validity or nonvalidity of her marriage determined.   The defendants demurred to the bill, and denied the jurisdiction of the court in the premises, and its power to grant the relief prayed for.   The court sustained the demurrer, and dismissed the bill, basing its action upon the want of power in a court of equity to declare the marriage valid ; it was also of the opinion that the plaintiff had a full and adequate remedy at law in the trial of the traverse.   The plaintiff appealed from this action of the court, and has assigned for error the entry of the decree sustaining the demurrer, and the dismissal of the bill.

Much of the argument of appellant's counsel in support of the right to maintain the bill, would be to the point, if the courts of equity of Pennsylvania were possessed of general equity jurisdiction.   But this is not the case.   The courts of equity of Pennsylvania do not possess the general powers of a court of equity, but only such as have been conferred upon

them by statute. This has been repeatedly pointed out. In Davis v. Gerhard, 5 Wharton, 466, it was held that the powers of the courts of Pennsylvania in matters of chancery jurisdiction are limited to the cases which have been or may be specified by the legislature. And in Gilder v. Merwin, 6 Wharton, 540, attention is called to the fact that the legislature has conferred upon the courts, not a universal or even a general equity jurisdiction, but only a limited and selected portion of equity power deemed to be suited to present exigencies.

Again in Dohnert's Appeal, 64 Pa. 311, Justice SHARSWOOD says, "The jurisdiction of this court to exercise the powers of a court of chancery depends upon statutory enactments. . . . We must resort then to the acts of assembly for our warrant in any case of this description." This was followed in Bridesburgh Mfg. Co.'s Appeal, 106 Pa. 275.

As was tersely said by STOWE, P. J., in Bakewell v. Keller, 11 W. N. C. 300, "In England and in the United States where there is general equity jurisdiction a bill may be sustained under the general chancery powers of the court; but in Pennsylvania we have no equitable jurisdiction except where it is specifically granted."

In Howard v. Lewis, 6 Phila. 50, ALLISON, J., said: "In Pennsylvania the jurisdiction of the courts of common pleas upon the subject of divorce, and in relation to the power to declare a marriage null and void, is purely statutory, both as to the form and the substance of the action."

Jurisdiction to declare a marriage void on account of the lunacy of one of the contracting parties, has never been conferred upon the courts of Pennsylvania, and consequently those courts have no such jurisdiction. The learned court below was, therefore, right in dismissing the bill for want of statutory jurisdiction. As to the adequacy of the remedy by means of the traverse of the inquisition, we do not decide. That question is not necessarily involved in the present appeal.

Decree affirmed, and appeal dismissed at the cost of appellant.