Commonwealth *v.* Duitch et al., Appellants.

188

Argued March 21, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Sidney A. Simon,* with him *Maurice Louik,* for appellants.

*Alfred Jackson,* Assistant District Attorney, with him *Lee B. Lansberry,* District Attorney, for appellee.

OPINION BY DITHRICH, J., July 15, 1949:

Appellants and eighteen other defendants were indicted and convicted on charges of riot, rout, unlawful assembly, and affray. Two of the appellants, Robert

Duitch and Lloyd Lutz, were also indicted and convicted on charges of aggravated assault and battery and assault and battery. The appellants were the only ones who were given jail sentences. The other defendants, who received only fines, did not appeal.

The defendants were employes of the Ray-O-Vac Company, manufacturer of electrical products, in South Williamsport, Lycoming County. They were members of the local CIO Union, United Electrical Workers, which was on strike. These criminal actions were the result of an altercation between defendants and an organizer for the International Brotherhood of Electrical Workers, an affiliate of the American Federation of Labor, who was meeting with a group of the CIO members who were not in sympathy with the strike. The defendants met in a South Williamsport residence at the same time that Henry A. Steibing, the A. F. of L. organizer was meeting with several of the women factory workers in an adjacent residence. All of the defendants went from the place where the CIO meeting was being held to the place where certain of the members of the CIO were meeting with the A. F. of L. organizer en masse in a riotous, tumultuous, and disorderly manner, broke up the meeting, and Duitch and Lutz assaulted Steibing.

All of the defendants filed new trial motions, which were refused. Appellants have filed thirteen assignments of error. Their chief complaint (assignments Nos. 1 and 2) is that "The offenses set out in the statute [1939, June 24, P. L. 872, §401, 18 PS §4401] are vague and indefinite and give no fair or adequate notice as to the conduct which is proscribed." The section reads as follows: "Whoever participates in any riot, rout, unlawful assembly or affray, is guilty of a misdemeanor and upon conviction thereof, shall be sentenced to imprisonment not exceeding three (3) years, which imprisonment may be at separate or solitary confinement

at labor, or to pay a fine not exceeding one thousand dollars ($1,000), or both." [1]

True, there is no definition of the crimes set out in the statute itself and common law definitions are relied upon to give meaning to the statute. The trial court, in its charge, correctly stated and relied upon those definitions.

No exception has been taken to that part of the charge. But it is alleged that the court erred (assignment No. 9) in charging that "Riot goes along with rout, unlawful assembly and affray—there is no separation of either of these three. In other words, if there is a riot there has been unlawful assembly and rout." We find no error in that portion of the charge. "Hawkins, Pleas of the Crown, c. 65, §9, says 'that unlawful assemblies, routs, and riots are three allied disturbances of the public peace. If an assembly moves forward towards the execution of its unlawful design, it is a rout' ".: 37 Words and Phrases, page 806.

"Riot, rout, and unlawful assembly are kindred offenses and the greater includes the less; yet the several offenses are clearly distinguishable each from the others. A rout differs from a riot in that the persons do not actually execute their purpose, but only make some motion towards its execution; but what degree of execution of their purpose will convert a rout into a riot may

[1] "HISTORICAL NOTE—Source Notes by Drafting Committee: 1860, March 31, P. L. 382, §19 (18 P. S. §551).

"*Penal Code 1939:* Act 1860, March 31, P. L. 382, §19, from which this section was derived, read: 'If any person shall be concerned in any riot, rout, unlawful assembly or an affray, and shall be thereof convicted, he shall be guilty of a misdemeanor, and be sentenced to pay a fine not exceeding five hundred dollars, or undergo an imprisonment not exceeding two years, or both, or either, at the discretion of the court; and in case any one is convicted of an aggravated riot, the court may sentence the offender to imprisonment by separate or solitary confinement at labor, not exceeding three years."

often be difficult to determine. An unlawful assembly differs from a riot in that if the parties assemble in a tumultuous manner, and actually execute their purpose with violence, it is a riot; but if they merely meet upon a purpose, which, if executed, would make them rioters, and, having done nothing, they separate without carrying their purpose into effect, it is an unlawful assembly": 54 C. J., Riot, page 829.

In *Commonwealth v. Merrick*, 65 Pa. Superior Ct. 482, this Court said, at page 488: " 'If a sudden disturbance arises among persons meeting together for an innocent purpose, they will be guilty of a mere affray; . . .' "

The statute in question, as defined in the common law, is fair notice of what acts will be punished and the several definitions given by this Court and others, both before and since the adoption of the Penal Code of 1860, have dispelled any possible vagueness or indefiniteness. See *Commonwealth v. Paul*, 145 Pa. Superior Ct. 548, 21 A. 2d 421; *Commonwealth v. Apriceno*, 131 Pa. Superior Ct. 158, 198 A. 515; *Commonwealth v. Merrick*, supra; *Pennsylvania v. Cribs*, 1 Addison 277; *Commonwealth v. Geist*, 29 Berks 277; *Commonwealth v. Brown*, 29 Berks 282; *In Re Riots of 1844*, 2 Clark 275, 4 Pa. L. J. 29.

We agree with the learned court below that there is "no merit in . . . defendants' argument that these charges are in violation of the United States Constitution or . . . the Pennsylvania Constitution." In answer to the argument that the charges are "an unconstitutional restriction upon freedom of speech and assembly," the lower court in its opinion refusing a new trial said, "For some time the defendants assembled on a picket line and no person interfered with their constitutional privilege of meeting, nor their constitutional privilege of [freedom of] speech."

They have assigned as error the consolidation of the cases for trial. Since this question was not raised in the court below it need not be considered here. *McLaughlin v. Monaghan,* 290 Pa. 74, 138 A. 79. Furthermore, the record discloses that they were "tried together" by agreement of counsel.

The same principle applies to assignments Nos. 4, 5, 6, and 7. No. 8 is based on the sentencing of appellant Duitch on an indictment charging him with assault and battery upon one Pauline Mann after the jury had found him not guilty of that offense. It is conceded that the sentence of six weeks' imprisonment on that indictment to run concurrently with a like sentence on an indictment charging the same offense upon the person of Henry Steibing, upon which the verdict was guilty, is a nullity and should be stricken from the record. Such action, no doubt, would have been taken by the court below had the invalid sentence been brought to its attention before the record had been certified to this Court. However, that sentence, which is a nullity, would have no effect on the sentence with which it was to have run concurrently.

We have heretofore disposed of assignment No. 9 and we find no merit in or need for discussing the remaining assignments.

Assignment No. 8 is sustained, and it is ordered that the sentence at No. 85 June Sessions, 1948, be stricken from the record; the other assignments of error are overruled.

The judgment and sentence in each appeal is affirmed, and it is ordered that the appellants severally appear in the court below at such time as they may there be called, and that they be by that court committed until they have complied with their respective sentences, or any part of them which had not been performed at the time each appeal was made a supersedeas.