Angelcyk *v.* Angelcyk, Appellant.

Argued March 20, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Carroll Caruthers,* with him *William F. Caruthers,* for appellants.

*Marquis M. Smith,* for appellee.

OPINION BY MR. JUSTICE LADNER, May 21, 1951:

This is an appeal from the entry of a judgment on the verdict assigning as errors the refusal of judgment n.o.v. and the dismissal of a motion for a new trial. The action is ejectment, tried before a jury which rendered a verdict for the plaintiff, here the appellee.

Plaintiff, Sophia Angelcyk, was, prior to March, 1946, the owner of two adjoining farms in Sewickley Township, Westmoreland County, Pennsylvania. The farm for which ejectment was brought is known as the "home" farm and was owned by the plaintiff's husband who died intestate May 5, 1944. On June 29, 1944, the children of the plaintiff conveyed their interests in the home farm to the plaintiff. She continued to operate the

farm with the aid of defendant, here the appellant, Steve Angelcyk her son who was paid $30.00 a week. (The other appellant-defendant is Pauline Angelcyk, the wife of Steve.)

Prior to April 1, 1946, there were several family conferences concerning the transfer of the home farm by plaintiff to Steve. The plan was for the plaintiff to convey the farm to her son in return for certain benefits to the grantor as well as payments to be made and services to be performed by the grantee.

By a deed dated April 1, 1946, plaintiff conveyed the premises to defendant. This deed contained the following provisions: *"As part of the consideration for this deed, the grantee hereto agrees to pay to the grantor the sum of $65.00 per month for each and every month during the balance of her life; to provide her with a house to live in for the balance of her life;—the said house being the one above the garage which the said grantee agrees to keep in good repair and upkeep. The said grantee to permit said grantor to keep as many chickens for her own use as she may desire, for which he agrees to furnish the necessary feed. He further agrees to supply the grantor with a quart of milk free each day. He agrees to supply sufficient coal for the use of the grantor, free and clear of any expense on the part of the grantor. The said grantee agrees to pay all doctor bills contracted for and furnished at the house aforesaid, but not doctor bills contracted away from the immediate premises, He further agrees to furnish transportation for the grantor at convenient times. He agrees to assume and pay debts now against the premises in the amount of $2000.00."* (italics supplied)

Adjoining the home farm there is a farm of 140 acres known as the "Guffey" farm. This farm is presently owned by the plaintiff and was owned by her at the time of the aforementioned conveyance. It had always been farmed in conjunction with the home farm and had no

barn. In fact, defendant admitted that the Guffey farm could not be farmed except in, conjunction with the home farm.

At the same time plaintiff also executed a bill of sale transferring all of the farm equipment, cows, stock, chickens, machinery etc. to the defendant. These included the tractors, mower, plow and trucks. This machinery had previously been used to farm the Guffey farm.

On the same date, April 1, 1946, the defendants executed a deed conveying back to the plaintiff the home farm. This deed was delivered to Walter Angelcyk (another son of the plaintiff and a brother of the defendant) in escrow not to be delivered to plaintiff or recorded unless the defendant failed to live up to the obligations and conditions agreed to by the parties.

At the trial plaintiff relied on the title established by the escrow deed executed by the defendants to her, and which the escrow holder on April 15, 1948, delivered by recording. It is admitted by all parties that the deed of defendants to plaintiff was deposited in escrow.

An escrow is a deed or other instrument importing an obligation deposited with a third party to be held by that party until the performance of a condition or the happening of a certain event and then delivered to take effect: *Murphey v. Greybill,* 34 Pa. Superior Ct. 339, 353.[1] The condition or the contingency upon which the escrow shall be delivered must, of course, be ex-

---

[1] This is the strictly legal definition, as the term escrow is derived from the French word meaning bond or written obligation and is so always used in English: *Stonewall v. McGown,* Tex. Civ. App. 231 S. W. 850, and see 30 C. J. S. p. 1191, sec. 1. However, in business circles, the term, as customarily used, has a broader meaning and covers any writing: *State v. Hurley,* (Nev.) 210 P. 2d 922; money: *Nash v. Normandy State Bank,* (Mo.) 201 S. W. 2d 299, 301; and even personal property placed in a third party's hands for delivery upon performance of the stipulated condition.

pressed by an agreement of the parties termed the "escrow agreement." Such agreement is entirely separate and apart from the instrument deposited. The terms of an escrow agreement may be incorporated in the deed or instrument deposited but need not be. They may be and usually are incorporated in an entirely separate agreement which may be in writing or oral or partly in writing and partly oral: 19 American Jurisprudence, Escrow §6, p. 422; 21 C. J. p. 868.

The case before us turns on the question, What were the terms of the escrow agreement? None was set forth in the escrow deed and there was no separate escrow agreement here in writing. The defendants, at the trial, contended that all the terms of the escrow agreement were set forth in the recited consideration of the prior deed from plaintiff to defendant which we have hereinbefore quoted. But the plaintiff contended that there was an additional important term not set forth in the prior deed, but orally agreed to by the parties, viz., that defendant "Steve" was to farm the Guffey farm and to pay the taxes thereon and if he failed, or refused to do so, then the escrow deed was to be delivered to the plaintiff. The learned court below left to the jury upon adequate instructions the questions (1) What were the terms of the escrow agreement. (2) Whether defendant complied with its terms. The jury found on adequate evidence that the additional terms of the escrow agreement had been orally agreed on and were breached by the defendants and the verdict for the plaintiff followed.

The appellants argue that the oral or parol evidence relating to the additional terms of the escrow agreement, viz., the farming of and paying taxes on the Guffey farm, was inadmissible because it served to change the terms recited in the prior deed from plaintiff to the defendant. But that deed is not the deed in issue. The escrow deed from defendants to the plaintiff

is the one in issue. The escrow agreement existed entirely apart from that deed. What the jury in effect found was that the complete escrow agreement embodied both the foregoing recited considerations of the first deed and the oral agreement as to the Guffey farm. The defendants themselves had to rely on oral evidence to connect the recited consideration of the first deed with the second or escrow deed. Though there is apparently no authority exactly in point in this jurisdiction, yet it is generally well settled elsewhere that the rule that a contract or instrument made in writing inter parties must be deemed to contain the entire writing or understanding has no application in the case of escrows: *Stanton v. Miller*, 58 N. Y. 192, 203 (1874) ; *Mecray v. Goldman*, 102 N. J. Eq. 559, 142 A. 9 (1928), aff. per cur. 105 N. J. Eq. 583, 147 A. 911 (1929) ; 30 C. J. S. p. 1196; 19 Am. Jur., Escrow §6, p. 422 and cases there cited. Therefore there was no error in the admission of this evidence.

However, even apart from this reason it is to be noted that the very provision of the deed relied on by the defendants to exclude the oral evidence does not, on its face, purport to set forth the entire consideration. It is recited to be, "*As part of the consideration* for this deed," etc. This, together with the fact that both deeds were dated and executed at the same time would seem amply to support the reason given by the learned court below for admitting the evidence which in his opinion he sets forth as follows: "Where two deeds are executed at the same time and are part of a whole single transaction, parol evidence is admissible to show the terms of the entire transaction: *Thompson v. McClenachan*, 17 S. & R. 110." The court below was correct in refusing to grant both the motion for judgment n.o.v. and a new trial for this reason.

The learned counsel for the appellants also asks us to grant a new trial for several additional reasons which

we will briefly consider: (1) That it would be inequitable to allow what is a virtual forfeiture of the part of the consideration which defendant Steve had paid during the two years of his occupation of the farm. It is argued that ejectment is an equitable action and therefore the verdict for plaintiff should have been conditioned on the restoration of the money paid. Under some circumstances the action of ejectment may be considered in the nature of an equitable action and as a substitute for a decree of specific performance. However, whatever claim the defendants may have had to such a conditional verdict should have been set forth in the pleadings, an issue thus raised and the trial judge asked to submit that question to the jury. Defendant did not do this. While he sets forth the amounts of what he paid to and for the plaintiff, he sets it forth only to prove performance on his part of the contract and not as a claim for reimbursement. Furthermore, this question was not raised in any reason filed for a new trial so that the court below had no opportunity to pass on that question. In the circumstances we rule that it is too late to raise that question on appeal: *McLaughlin et ux. v. Monaghan,* 290 Pa. 74, 79, 138 A. 79 (1927); *Commonwealth v. Duitch,* 165 Pa. Superior Ct. 187, 192, 67 A. 2d 821 (1949). We do so with less regret since the defendant has had possession of the farm and has no doubt received the crops and dairy products thereof since April 1, 1946. When to this is added what the plaintiff may have lost because of defendant's failure to farm the Guffey farm and pay the taxes thereon defendant's payments would probably amount to no more than a reasonable rental due by defendant for use and occupation.

(2) The appellants next argue that the deed by plaintiff to defendant did not reserve any right of forfeiture. Hence, what is in effect a forfeiture of defendant's estate should not be allowed. But the plaintiff

did not predicate her action upon any forfeiture in her deed to defendant. Her action is based on the escrow deed found by the jury to have been delivered properly in accordance with the escrow agreement. As the parties chose to select that method of enforcing their respective rights, the absence of a forfeiture clause in the deed becomes immaterial.

(3) The learned trial judge affirmed two of plaintiff's points to the effect that if the defendant Steve did not live up to the conditions of the deed the verdict should be for the plaintiff and, if they believe that it was part of the entire agreement, that said defendant should farm the Guffey farm and pay taxes thereon, the verdict should be for plaintiff. Complaint is made that the affirmance of these points was tantamount to binding instructions for the plaintiff. However, taken in conjunction with the entire charge we do not think the jury was misled by these points which were read at the very end. If the appellants' counsel thought so he should have directed the court's attention to that possible misunderstanding by the jury. Instead he contented himself with the stereotyped exceptions to the court's affirmance of the points. We rule that in the circumstances the trial judge's affirmance of the points submitted, if error, was at the most harmless error and not a ground for a new trial.

Finally, it is argued the escrow deed was in reality a mortgage to secure the performance of defendant Steve's agreement and therefore plaintiff is not entitled to more than possession until her losses incurred by Steve's failure to cultivate the Guffey farm and pay taxes have been made good. From which premise it is argued the verdict should have been so conditioned.

The court below was not asked to submit any such question to the jury and it is too late to ask a new trial on that theory. Nor can we regard the escrow deed absolute as it is on its face as a mortgage where there is

no term so providing in the escrow agreement which governed its delivery and effect.

The judgment is affirmed.