## Ellis v. Compos

*McFadden, Riskin & Huston*, for plaintiffs.

*Robert Ungerleider*, for defendant.

GRIFO, J., November 27, 1972.—The above-captioned case is before the court on the preliminary objections of defendant.

As alleged in their complaint, both plaintiff Ellis and plaintiffs Taglang (hereinafter being all referred to as "plaintiffs"), on July 2, 1969, entered into an agreement with defendant for the purchase of certain shares of investment stock. Under the terms of the agreement, as alleged in the complaint, plaintiffs each paid defendant $3,625 for 500 shares of stock, which stock was to be held by defendant until 31 days after a public offering was made. However, no such offering was ever made; rather, on June 30, 1970, the corporation whose stock plaintiffs had agreed to buy was merged with another corporation, with only the latter surviving.

This action was begun April 17, 1972, and to date, defendant has returned $1,125 to each of plaintiffs; he has tendered to each 500 shares of the surviving corporation, which has been refused.

Summarizing defendant's position, as stated in his preliminary objections and briefs in support thereof, he argues that plaintiffs have failed to comply with the statute of frauds section dealing with the sale of securities and, as a result, their complaint fails to state a valid cause of action. Secondly, he argues that plain-

tiffs cannot recover on the basis of unjust enrichment because they have failed to allege sufficient facts to establish a quasi-contract and, additionally, there has been no injustice visited upon plaintiffs. Thirdly, defendant argues that if a contract did exist, then plaintiffs are guilty of laches. And, lastly, defendant contends that plaintiffs, by accepting the partial refund, have impliedly waived their right of restitution.

Before proceeding, it should be pointed out that "preliminary objections admit all facts which are well pleaded": Bogash v. Elkins, 405 Pa. 437, 176 A. 2d 677 (1962); Ross v. Metropolitan Life Insurance Company, 403 Pa. 135, 169 A. 2d 74 (1961).

Turning to defendant's first point, the Act of April 6, 1953, P. L. 3, reenacted October 2, 1959, P. L. 1023, 12A PS §8-319, Statute of Frauds, states:

"A contract for the sale of securities is not enforceable by way of action or defense unless  . . .

"(b) delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment."

Keeping in mind that the payment made to defendant was pleaded in plaintiffs' complaint and is, therefore, admitted, defendant argues that what plaintiffs actually paid for was not the securities but the option to secure 500 shares of the stock 31 days after it went public. As proof of this, he points to an "escrow agreement" between defendant and plaintiffs wherein defendant certifies he is holding the stock for plaintiffs, and will transfer the same at the appropriate time.

"An escrow is a deed or other instrument importing an obligation with a *third party* to be held by that party until the performance of a condition or the happening of a certain event": Angelcyk v. Angelcyk, 367 Pa. 381, 80 A. 2d 753 (1951). Therefore, it is evident that what

defendant contends is an escrow agreement is, in reality, a statement of the terms of the contract for the sale of the securities. The payment of the purchase price being admitted, the complaint satisfies the statute of frauds. (Italics supplied.)

Turning to defendant's second point, the Restatement, Contracts, §468(2), Rights of Restitution, states:

"(2) except where a contract clearly provides otherwise, a party thereto who has rendered performance for which the other party is excused by impossibility from rendering the agreed exchange, can get judgment for the value of what he has rendered, less the value of what he has received, unless what he has rendered can be and is returned to him in specie within a reasonable time."

By defendant's own statement in his preliminary objections, performance of the contract herein involved has been rendered impossible. Therefore, according to the terms of the above-quoted section of the Restatement, plaintiffs are entitled to a judgment without the necessity of proving the existence of a quasi-contractual relationship, nor any collateral injustice.

Turning to defendant's third point, "the question of laches is disposed of by the conclusion of the court below that appellant has not been prejudiced by the delay in instituting these proceedings, and that the bill was filed with reasonable promptness": Brehm v. Brehm, 347 Pa. 271, 32 A. 2d 216 (1943). Here, there has been no averment of prejudice to defendant, nor does any appear from the state of the pleadings. The delay was occasioned, as contended by plaintiffs, by the attempt on their part to use self-help in gaining the return of their money. When these efforts failed, the complaint was filed.

Finally, on the question of implied waiver, "whether

there has been an implied waiver in any case depends upon whether the conduct of the party seeking to invoke the strict provision of the contract had been such as to lead the other party to believe he would not be held to it, but might, notwithstanding it, proceed to perform": Wolson & Wolson v. Freihofer, 84 Pa. Superior Ct. 561 (1925). There can be no question that plaintiffs, "seeking to invoke the strict provision of the contract," i. e., the delivery to them of the securities originally contracted for, have not misled defendant by accepting a partial refund. There has been a continual refusal to accept substitute stock on plaintiffs' part, coupled with their attempts to regain their money. From this conduct there appears to be no waiver of any rights on plaintiffs' part.

All other objections not pursued on brief, or at oral argument, are deemed to be abandoned.

Wherefore, the court enters the following

## ORDER

And now, to wit, November 27, 1972, all preliminary objections are denied. Defendant is given leave to plead over within 20 days from the date hereof.