554 A.2d 6

Richard C. GOODWIN, Michael J. Levitz, Virginia P. Soble, t/d/b/a Dunmore Company, t/d/b/a Bethlehem Townhouse I and Interstate Realty Management Company, its Agent, Appellants,

v.

Lillian RODRIGUEZ, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 27, 1988.

Decided Jan. 27, 1989.

Jordan D. Cunningham, Harrisburg, for appellants.

Jeffrey L. Greenwald, Easton, for appellee.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is a landlord-tenant case. The facts are as follows: After inconclusive proceedings before a district justice and an arbitration panel, Appellant-landlord brought an action of ejectment against the Appellee-tenant. Appellants (sometimes collectively referred to hereafter as the "Landlord") sought to evict Appellee on the basis of her forfeiture of a residential lease due to non-payment of rent and failure to comply with provisions in the lease regarding prompt payment of rent. The Landlord's housing project, Bethlehem Township I, which contains the premises that are the subject of the instant appeal, is a housing project heavily subsidized by the federal government pursuant to provisions of the National Housing Act, 12 U.S.C. § 1715–$I$(d)(3). Appellee-tenant's leasehold was specifically subsidized through a Special Allocation under § 8 of the National Housing Act, 42 U.S.C. § 1437f, as a result of which the Landlord is compelled to calculate the tenant's portion of the rent pursuant to the terms of the Act and the imple-

menting HUD Regulations (24 C.F.R. § 881) and Handbooks, and to abide by other restrictions and limitations pursuant thereto.

On August 5, 1985, the instant matter, and two other related cases, were listed for non-jury trials before Judge Grifo of the Northampton County Court of Common Pleas. In the other two cases, voluntary stipulations were entered into granting the Landlord conditional judgments for possession and back rent in certain amounts, with payments on the back rent to be liquidated by modest additional monthly payments. However, in the instant matter, the parties were unable to agree on a figure of back rent due. The Landlord argued that $1,476.00 was due, but Appellee contended that only $163.00 was due and owing. Appellee argued that she was entitled to a large reduction in back rent because of a period of unemployment. The matter was therefore tried before Judge Grifo, *inter alia*, to interpret the relevant federal regulations on these issues.

On September 9, 1985, Judge Grifo issued a Decision and Verdict. The verdict was in terms which were almost identical to the language agreed to by the parties in the stipulations in the other two cases. The court found that the back rent due was $1,261.00 and Appellee was ordered to liquidate this sum by making payments of $25.00 extra monthly on her rent. Judge Grifo also granted judgment to the Landlord for possession, but this was conditioned upon Appellee's non-payment of the extra $25.00 per month due, together with current rent on or before the fifteenth day of every month. "In the event that payment is not received by the 15th day of each month, [Landlord] shall have the right to file an affidavit of default, and file a praecipe for writ of execution for possession and of money judgment." (See, Appendix 1, p. 7 of Appellants' brief.) Judge Grifo found authority to grant this conditional verdict under Pa.R.C.P. 1056(b), one of the rules governing "Actions of Ejectment," which rule provides: "A conditional verdict may be entered in an appropriate case."

Exceptions and cross-exceptions to this verdict were denied and the Landlord appealed to the Superior Court which

affirmed in a *per curiam* order and memorandum opinion dated September 12, 1986, 360 Pa.Superior Ct. 628, 517 A.2d 206.

On October 10, 1986, the Landlord petitioned for allowance of appeal to this Court. Appellee's brief asserts and represents that shortly thereafter, on October 23, 1986, an Affidavit of Default was filed by the Landlord and Writs of Possession were issued as a result of Appellee-tenant's subsequent non-compliance with Judge Grifo's verdict and order for payment of rent and arrearages. Appellee further asserts that a Motion to Stay the Writs of Possession was filed and, after hearing, by order of Judge Grifo dated January 23, 1987, the motion was denied, and that on February 5, 1987, Appellee filed a Chapter 13 bankruptcy petition which was dismissed on December 17, 1987. The record filed with this Court, however, contains no documents confirming these assertions. On June 15, 1987, this Court granted the Landlord's Petition for Allowance of Appeal.

Appellant-landlord contends that the trial court erred in entering a conditional verdict in an ejectment action involving a residential lease because actions in ejectment are actions at law and an equitable remedy, therefore, should not be afforded. While the argument is not posed in precisely the right way, Appellant-landlord is nonetheless generally correct in their claim that an important point of law has been overlooked, and we granted allocatur to correct the error which we perceived had occurred here.

For historical reasons having to do with our colonists' distrust of the English Chancery Courts, Pennsylvania maintains a unified court system whereby common pleas court judges also act as judges in equity but with only those equity powers and jurisdiction specifically granted by law. *West Homestead Borough School District v. Allegheny County Board of School Directors*, 440 Pa. 113, 269 A.2d 904 (1970); *Pitcairn v. Pitcairn*, 201 Pa. 368, 50 A. 963 (1902). It is clear that our system of civil pleading often permits the "comingling" of legal and equitable matters in a single action. This is certainly so with respect to actions

of ejectment. In *Angelcyk v. Angelcyk*, 367 Pa. 381, 80 A.2d 753 (1951), this Court expressly stated that the action has some equitable characteristics. See also, *Hankin v. Mintz*, 276 Pa.Superior Ct. 538, 419 A.2d 588 (1980); *Lachner v. Swanson*, 251 Pa.Superior Ct. 561, 380 A.2d 922 (1977); *Harbor Marine Co. v. Nolan*, 244 Pa.Superior Ct. 102, 366 A.2d 936 (1976); *Stark v. Lardin*, 133 Pa.Superior Ct. 96, 1 A.2d 784 (1938). Pa.R.C.P. 1030 dealing with "New Matter" (and applicable to ejectment actions under Pa.R.C.P. 1051) permits the raising of equitable defenses. As the 1979 Explanatory Note indicates, Pa.R.C.P. 1056(a) permits a defendant in an action of ejectment to plead a counterclaim arising from the same facts as the original action and this would include a claim for breach of the implied warranty of habitability in a residential lease (under *Pugh v. Holmes*, 253 Pa.Superior Ct. 76, 384 A.2d 1234 (1978))—an equitable type claim. Pa.R.C.P. 3162(b)(2) and 3170(d)(3) permit a court to stay or set aside a writ of possession entered consequent to an action of ejectment "upon any other legal or equitable ground." Pa.R.C.P. 1056(b), quoted above and directly at issue here, does expressly permit the entry of a conditional verdict in an ejectment action in an "appropriate case." The proper question to be addressed on this appeal, therefore, is not whether the trial court has equitable power (it does!), or whether this is an action at law or in equity, but rather whether this is an "appropriate case" in which to exercise such equitable power specifically authorized by Rule, or whether, on the contrary, the exercise of such power here constituted an abuse of discretion.

Appellant seems to concede this point in the latter part of their brief (pp. 29–31), where they argue in the alternative that Appellee is not entitled to the equitable relief of a conditional verdict, as granted by the trial court, based upon the facts in this action. On its face, we find this part of their argument, to the effect that the trial court has committed an abuse of discretion here, persuasive.

Appellant points out that the only property interest which Appellee owns is her interest in the lease agreement. The

lease agreement executed by the Appellee was for a term of one (1) year. Appellee never acquired any "equity" interest in the leasehold property in the way that a purchaser under a mortgage or an installment land sales contract does. By making periodic payments on a mortgage or installment contract, the purchaser may be said to gradually acquire the fee as he or she pays off the "mortgage" loan. Historically, foreclosure was an equitable proceeding that developed out of the need to protect such purchasers from forfeiting their equity or investment, acquired over a period of years, because of a single minor or technical deficiency in their performance. See, Gray, Pa.Mortgages, §§ 1-1, 1-2. So with the "remedy" of "equitable ejectment." It, too, came into play in situations where there was a substantial "equity" that was entitled to protection from forfeiture on account of a small breach. See, *Lynch v. Versailles Fuel Gas Co.*, 165 Pa. 518, 30 A. 984 (1895); *Barraclough v. Altantic Refining Co.*, 230 Pa.Superior Ct. 276, 326 A.2d 477 (1974). See also, *Augustine v. Augustine*, 291 Pa. 15, 139 A. 585, (1927); *Anderson Contracting Co. v. Daugherty*, 274 Pa.Superior Ct. 13, 417 A.2d 1227 (1979); *In re: Small*, 65 B.R. 686 (Bkrtcy.E.D.Pa.1986).

Ejectment actions can sometimes serve as a rough substitute for mortgage foreclosure. It would not be proper today for a court to order the equivalent of strict foreclosure forfeiting in its entirety of a borrower's substantial investment or equity interest which he or she built up in a piece of real estate, simply because of a minor breach or a delinquent payment. The borrower would have to be given some chance to "make good" or the property would be sold at a public sale where any excess realized over the balance due on the mortgage would go to the borrower. In other words, the court would enter the equivalent conditional verdict. But this is only required where there is, to begin with, some "equity" or equitable interest in the property entitled to protection. Appellee-tenant here, and the typical residential tenant generally, neither has nor can have such equity in a simple leasehold.

██ Landlords are ordinarily entitled to the benefit of their bargain. Where a landlord agrees to make premises available to a tenant in return for rent, the landlord is entitled to the agreed upon return on that "investment." If the rent is not paid, the landlord is *substantively* entitled to evict the tenant and to rent his or her property to someone else. See, *Warren v. City of Philadelphia*, 382 Pa. 380, 115 A.2d 218 (1955). The landlord is not obliged to subsidize or "carry" delinquent tenants with all of the risks that that involves, indefinitely into the future. While all technical requirements and terms of the lease must be complied with, forfeiture for non-payment of rent has always been permissible under our law. *Elizabethtown Lodge No. 596, Loyal Order of Moose v. Ellis*, 391 Pa. 19, 137 A.2d 286 (1958); and a conventional tenant, simply put, builds up no equity in his or her leasehold that is entitled to special equitable protection absent fraud, unfair dealing, or unconscionable conduct. *Blue Ridge Metal Mfg. Co. v. Proctor*, 327 Pa. 424, 194 A. 559 (1937). We hold, therefore, that in the conventional residential lease situation, it is an abuse of discretion for a trial court to enter a conditional verdict under Pa.R.C.P. 1056(b), permitting a delinquent tenant to repay over time or in installments delinquent back rent, where the lease entitles the landlord to prompt and immediate eviction upon non-payment of rent. Since, on the face of the instant trial court and Superior Court opinions, they have reached the opposite conclusion on this point, the Superior Court order affirming the trial court's entry of a conditional verdict here must be, and the same is hereby, reversed.

Appellee raises a separate issue, present in this case however, which requires our attention and, we think, a remand for further proceedings. As noted above, Appellee's lease is in a project subsidized by the United States under the National Housing Act. Since the landlord voluntarily accepted federal subsidies, their conduct and remedies are governed not just by state law and the letter of the lease itself, but also by federal law and regulations and by

the HUD Handbooks.[1] Appellee has rights in addition to those of a conventional residential tenant, such as are granted by federal law and regulations. The present version of 42 U.S.C. § 1437f(d) (clearly applicable here) includes the following:

(1) Contracts to make assistance payments entered into by a public housing agency with an owner of existing housing units shall provide (with respect to any unit) that—

.    .    .    .    .

(B)(ii) the owner shall not terminate the tenancy except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause; ...

Current HUD regulations enacted under this section may be found at 24 C.F.R. § 881.607. While we infer that Judge Grifo's initial decision to render a conditional verdict was influenced by the fact that Appellee is a tenant in federally subsidized housing, his decision nowhere sets forth an analysis demonstrating that federal law substantively justifies or requires landlord forebearance, or a conditional verdict in this case. Appellee preserves the argument that federal law entitled her to the "equitable" relief afforded here, but neither party has presented to this Court either briefs or research setting forth what substantive rights, if any, federal law bestows on Appellee here such that she would be entitled to the entry of a conditional verdict under our Rules. We will not speculate upon what those rights may be. To do so would appear to require a detailed review of federal law, the regulations thereunder, the HUD Handbooks, and possibly the legislative history as well. If the parties wish to continue this litigation, these issues should first be presented and argued before the trial court which should then weigh the arguments and render a decision analyzing federal law. If substantive federal law is found to be applicable here such that Appellee is entitled to a

---

1. Defenses based on violation of the HUD Handbooks were recognized in *Fleet Real Estate Funding Corp. v. Smith*, 366 Pa.Super.Ct. 116, 530 A.2d 919 (1987).

grace period in order to make up back payments of rent, we think that principles of comity in our federal system would then permit Pa.R.C.P. 1056(b) to be employed to effectuate the entry of a conditional verdict.[2]

Accordingly, the opinion and order of the Superior Court entered in this case must be reversed, and the matter remanded to the Court of Common Pleas of Northampton County for further proceedings not inconsistent with this opinion.

It is so ordered.

NIX, C.J., and FLAHERTY, J., concur in the result.

**2.** In light of her assertion, noted above, that the landlord has acquired, during the course of this appeal, a valid and enforceable Writ of Possession against her, Appellee argues that this appeal is moot. Documents substantiating that contention concerning the Writ of Possession have not been filed with this Court, nor have they been made part of the record submitted to this Court. If, on remand, it appears that such a writ can and will be enforced without further objection or contest, the trial court will be fully competent to give the parties any further relief to which they may be entitled, consistent with this opinion.