DJERASSI, J.,
This appeal reviews whether defendant Michael Gardner was given legal notice of the right to rescind a mortgage refinance under the Truth in Lending Act (“TILA”).[1] Answering in the negative, we found an affirmative defense precluded foreclosure on Gardner’s residential property by plaintiff Deutsche Bank *137 National Trust Company (“Deutsche Bank”), successor to the original lender, Ameriquest Mortgage Company (“Ameriquest”).
Gardner lives in a residence he owns at 9887 Verree Road, Philadelphia, PA. In June 2003, he signed a mortgage on his home and borrowed $140,000 from Ameriquest. In January 2005, Gardner and Ameriquest refinanced in the amount of $185,400, adding $45,400 to the loan. A second mortgage was signed. At closing Ameriquest gave Gardner a federal H-8 Form to advise Gardner of his rescission rights.
At the early stages of the economic downturn in October 2007 and facing economic pressure, Gardner applied to rescind the refinance agreement and stopped repaying the loan. He learned he had not been given correct disclosure of his rescission rights, and this had taken place at a time when Ameriquest’s mortgage practices were coming under national scrutiny. Hundreds of actions had been filed against Ameriquest under the TILA, and Gardner added his own complaint in the U.S. Court for the Eastern District of Pennsylvania. Gardner’s action to enforce his rescission rights for the refinance loan was transferred and consolidated with an ongoing TILA class action against Ameriquest in the U.S. Court for the Northern District of Illinois. When this class action settled, Gardner waived his direct TILA claims against Ameriquest and kept the right to defend himself against mortgage foreclosure. Gardner also preserved his right to assert an affirmative defense based on inadequate notice.
Among other issues, we conclude that an ambiguous rescission notice following a mortgage refinance is a valid affirmative defense against residential mortgage *138 foreclosure. We agree with the reasoning of the U.S. court of appeals for the third circuit in Porter v. Mid-Penn Consumer Discount Co., 961 F.2d 1066 (3d Cir. 1992).
I. STATEMENT OF THE CASE
On January 12, 2008, Deutsche Bank, trustee for Ameriquest, filed this mortgage foreclosure action against Michael Gardner. This case was in limbo for five years until the federal class action settled.
A bench trial took place on April 14, 2014. Gardner represented himselfpro se. Findings of fact and conclusions of law were entered on April 28, 2014. Among the points: 1) Deutsche Bank had standing as an Ameriquest trustee to bring this mortgage foreclosure action, though Deutsche Bank did not record its assigned interest in Gardner’s mortgage until after its complaint was filed; 2) Ameriquest did not comply with the TILA requirements, and therefore, Gardner’s affirmative defense was valid and prevented foreclosure; 3) Gardner was entitled to rescind his refinance loan, but only up to the $45,400 which was added during the refinance, and so was not permitted to rescind the original $140,000 loan; and 4) Gardner’s home remains mortgaged to Deutsche Bank under terms of the first mortgage in the amount of $140,000.
We incorporate our findings and conclusions following trial. Deutsche Bank filed post-trial motions on May 8, 2014. These were denied on September 3,2014, but denial was vacated, and a new order was entered on September 5, 2014, which stated in pertinent part:
On additional review, plaintiff’s post-trial motions are denied without prejudice to any in personam cause of action by plaintiff Deutsche Bank National Trust Co. to *139 recover $45,000[2] plus interest paid to defendant dated January 21, 2005. Time relating to potential cause of action shall accrue only after final judgment in this case.
Deutsche Bank noticed this appeal on September 24, 2014, and has filed a timely Rule 1925(b) Statement.
II. ISSUES ON APPEAL
Deutsche Bank raises the following issues: (1) the court erred by concluding that Ameriquest provided inadequate rescission notice under the TILA; (2) the court erred by concluding that Gardner had timely rescinded the refinance loan; (3) the court erred by failing to provide a means for Deutsche Bank to recover the rescinded amount and misapplied equity; (4) the court erred by denying mortgage foreclosure; (5) the court erred by admitting an authenticated H-8 Form into evidence; and (6) the court erred by permitting Gardner to participate in oral argument as pro se counsel.
A. Deutsche Bank Did Not Provide Appropriate Disclosure Forms Under The Truth In Lending Act.
First, we found that Deutsche Bank, through its predecessor, Ameriquest, violated TILA notice requirements by giving Gardner an H-8 Form when an H-9 Form was required. Deutsche Bank argues that an H-8 Form provides sufficient notice, even though the H-9 Form was specifically drafted and designated for use in mortgage refinance agreements.
As a general matter, the TILA at 15 U.S.C.A. § 1601(a) *140 protects consumers from unscrupulous lenders who use fraudulent or confusing practices to take advantage of borrowers. With some exceptions, creditors must make disclosures, including: (1) the identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the annual percentage rate; (5) the sum of the amount financed and the finance charge; (6) the number, amount, and due dates or period of payments scheduled; (7) the total sale price; and (8) explanations and definitions of these terms. 15 U.S.C. § 1638; 12 C.F.R. § 226.18.[3]
In addition, the TILA provides a “cooling off’ period to give borrowers a chance to rescind a loan transaction within three days of closing. The statute provides that lenders must “clearly and conspicuously” disclose the borrower’s rescission rights by providing the correct disclosure rescission forms promulgated by the Federal Reserve Board. 15 U.S.C.A. § 1635. These regulations require lenders to deliver two copies of the model forms found at 12 C.F.R. § 226.1.[4] These include notice concerning: (1) retention or acquisition of a security interest in the borrower’s principal dwelling; (2) a borrower’s right to rescind the transaction; (3) procedures that borrowers must follow to exercise their right to rescind, including use of a special pre-printed form that designates the address of the lender’s place of business; (4) the effects of rescission; and (5) the date the rescission period expires. 12 C.F.R. § 226.23(b).[5]
When the lender gives the borrower proper rescission *141 notice, the borrower only has three days to rescind the loan. If notice is inadequate, then the borrower has three years to rescind. 15 U.S.C. §1635(f); 12 C.F.R. § 226.23(a)(3).[6]
Two different forms contain rescission rights for mortgages — the H-8 and H-9 Forms.[7] The H-8 Form lays out a borrower’s rescission rights for a new mortgage. The H-9 Form lays out a borrower’s rescission rights for a mortgage refinance loan where the same lender is involved. The model H-8 Form, concisely cited at 12 C.F.R. § 226.23, App. H, states in relevant part:
H-8-Rescission Model Form (General)
NOTICE OF RIGHT TO CANCEL
Your Right to Cancel
You are entering into a transaction that will result in a [mortgage/lien/security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:
(1) the date of the transaction, which is_; or
(2) the date you received your Truth in Lending disclosures; or
(3) the date you received this notice of your right to cancel.
*142 If you cancel the transaction, the [mortgage/lien/ security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/ security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.
You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.
In comparison, the model H-9 Form, concisely cited at 12 C.F.R. § 226.23, App. H, states in relevant part:
H-9 — Rescission Model Form (Refinancing with Original Creditor)
NOTICE OF RIGHT TO CANCEL
Your Right To Cancel
You are entering into a new transaction to increase the amount of credit previously provided to you. Your home is the security for this new transaction. You have a legal right under federal law to cancel this new transaction, without cost, within three business days from whichever of the following events occurs last:
*143 (1) the date of this new transaction, which is_; or
(2) the date you received your new Truth in Lending disclosures; or
(3) the date you received this notice of your right to cancel.
If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.
You may keep any money we have given you in this new transaction until we have done the things mentioned above, but you must then offer to return the money at the address below.
If we do not take possession of the money within 20 calendar days of your offer, you may keep it without further obligation.
(Emphasis added).
The material difference between these forms is the addition of the term “new transaction” in the H-9 Form. Critically, the H-9 Form assures the borrower that if the “new transaction” is cancelled, “[the new transaction] will not affect any amount that you presently owe... as your home is the security for that amount.”
No Pennsylvania cases have decided whether absence *144 of this language in the H-8 Form gives rise to an affirmative defense based on inadequate rescission notice, so we turn to federal law in our jurisdiction. Within the third circuit, the inquiry is whether a TILA rescission notice is subject to more than one clear reading. If it is, the notice is inadequate, and the time to rescind is extended to three years. Porter v. Mid-Penn Consumer Discount Co., 961 F.2d 1066, 1077 (3d Cir. 1992); see also Bowmer v. Novastar Mortgage Funding Trust, Series 2006-1, 711 F.Supp.2d 390, 401 (E.D. Pa. 2010) (extending rescission period to three years where finance disclosures were unclear). “Under both TILA itself and Regulation Z, the test is whether the form of notice...constitutes a clear notice of the Debtor’s right to rescind the loan.” In re Cruz, 441 B.R. 23, 29 (Bankr. E.D. Pa. 2004). The key is to assure refinance borrowers that their first mortgage in not threatened by rescission of their second mortgage. The H-9 Form accomplishes this clearly; the H-8 Form that Gardner received does not. Id. at 30 (finding a hybrid H-8 and H-9 disclosure form was inadequate because it failed to clearly state that rescission of a mortgage refinance did not affect the entire loan).
Analogous Pennsylvania statutory policies in the mortgage foreclosure area enforce similar protections for residential mortgage borrowers. For example, the Loan Interest and Protection Law, Act 6 of 1974, 41 P.S.§101, et seq., grants homeowners the right to cure mortgage defects prior to foreclosure. Under 41 P.S. § 403, lenders must provide specific disclosures that explain borrower rights if there are procedural defects in pre-foreclosure notice. Improper notice under Act 6 may be fatal to a mortgage foreclosure claim. See Wells Fargo Bank N.A. v. Spivak, 104 A.3d 7, 16 (Pa. Super. 2014), reargument denied (Jan. 8,2015) (internal citations omitted) (“Act 6’s *145 notice requirements are consistent with its comprehensive statutory scheme...designed to avoid foreclosures and its broader purpose to offer homeowners with residential mortgages a measure of protection from overly zealous residential mortgage lenders”); see also In re Smith, 866 F.2d 576, 578 (3d. Cir. 1989) (applying Pennsylvania law to hold that lender did not carry out required disclosures under Act 6).
Another example is Act 91 of 1983,35 P.S. § 1680.401, et seq., which created the Homeowner’s Emergency Mortgage Assistance Program. Act 91 requires lenders to use a special model disclosure form. 35 P.S. § 1680.403c(b) (1). A lender’s tender of a complete disclosure form under Act 91 is an important procedural step to enforce a mortgage foreclosure, and non-compliance may give rise to an affirmative defense, though failure to do so is not a jurisdictional bar. See Beneficial Consumer Discount Co. v. Vulanan, 77 A.3d 547, 550 (Pa. 2013).
Similar policy interests to protect unwary borrowers apply in this case. The H-9 Form clearly tells mortgage refinance borrowers that their existing first mortgage is unaffected by timely rescission of a second mortgage. The H-8 Form used by Ameriquest does not.
B. Defendant Michael Gardner’s Rescission Request Was Timely Under The TILA.
When a lender fails to make all material disclosures, the TILA extends time for rescission to three years. Under 15 U.S.C.A. § 1635(a), borrowers have no more than three days to rescind, assuming all disclosures are correct. When these disclosures are inadequate, the time is extended to three years. 15 U.S.C.A. § 1635(f)(i)(l)(B).
*146 Gardner and Ameriquest entered into their refinance agreement in January 2005. Gardner filed his rescission application in October 2007 within the three year period.
C. Equitable Relief Is Appropriate And Reasonably Applied.
Having found that Gardner has the right to rescind, this court employed equitable remedies authorized by Pennsylvania law and the TILA to get the parties to the status quo ante as closely as possible under the first mortgage.
Court may employ equitable remedies in mortgage foreclosure actions. See Green Tree Consumer Disc. Co. v. Newton, 909 A.2d 811, 816 (Pa. Super. 2006) (courts have equity powers in foreclosure actions); see also, e.g., Goodwin v. Rodriguez, 554 A.2d 6,8 (Pa. 1989) (discussing the historical development of equitable remedies in mortgage foreclosure). Moreover, violation of federal consumer lending procedures are subject to state remedies in equity. Union Nat. Bank of Little Rock v. Cobbs, 567 A.2d 719, 723 (Pa. Super. Ct. 1989) (consumer permitted to raise bank’s non-compliance with the Veteran’s Affairs Lenders Handbook as an equitable defense to bank’s mortgage foreclosure claim); Fleet Real Estate Funding Corp. v. Smith, 530 A.2d 919, 923 (Pa. Super. Ct. 1987) (consumers may raise an equitable defense to foreclosure action based on non-compliance with HUD guidelines).
Equitable remedies are similarly authorized under TILA regulations. The Federal Reserve Board’s Official Staff Interpretation of Regulation Z affirms that courts may modify rescission procedures to suit the equities of a given case without affecting the substantive rights of the borrower or the equitable powers of the court. See 12 *147 C.F.R. § 226, Supp. I, Subpt. C. Further, when the right to rescind is disputed, Regulation Z directs courts to decide whether the right to rescind exists. Courts may then use equitable remedies to enforce obligations if the right ro rescind is affirmed. Id.
At post-trial motions, error was claimed on grounds we left open the question of Gardner’s repayment of his $45,400 refinance loan from Ameriquest. On September 5, 2014, this was corrected when we entered a post-trial order stating in part:
On additional review, plaintiff’s post-trial motions are denied without prejudice to any in personam cause of action by plaintiff Deutsche Bank National Trust Co. to recover [$45,400] plus interest paid to defendant dated January 21,2005. Time relating to statute of limitations for such potential cause of action shall accrue only after final judgment in this case.
Deutsche Bank now claims this is insufficient because Gardner’s repayment is not secured by an in rem lien. Because this refinance loan is not part of the first mortgage as explained by the H-9 Form itself, we enforced the first mortgage as close to its original terms as possible. And we granted Deutsche Bank extended time to file suit against Gardner personally for the now unsecured $45,400 loan. Federal courts in our jurisdiction have entered similar equity orders to remedy TILA violations, even relieving in one case a borrower’s obligation to repay altogether. In re Melvin, 75 B.R. 952, 960 (Bankr. E.D. Pa. 1987) (court granted rescission of mortgage transaction, removed lender’s security interest, and reduced lender to an unsecured claim in amount of mortgage loan); see also Gill v. Mid-Penn Consumer Disc. Co., 671 F. Supp. 1021, *148 1026 (E.D. Pa. 1987), aff’d sub nom. Dixon Gill v. Mid-Penn Consumer Disc. Co., 853 F.2d 917 (3d Cir. 1988) (holding that a creditor’s failure to comply with a valid rescission obviated the consumer’s obligation to repay any outstanding balance on the loan).
Reasonable equitable remedies were applied to restore a loan relationship without a homeowner’s losing his house after a lender’s violation of refinance rescission notice.
D. Defendant Successfully Asserted The Affirmative Defense Of Rescission.
Deutsche Bank claims mortgage foreclosure should have been granted because it proved its prima facie case. Gardner successfully raised rescission based on improper TILA disclosures. This is an affirmative defense which was raised in new matter, and so mere prima facie proof was not enough to for Deutsche Bank to prevail.
E. The Content Of The H-8 Disclosure Form Was Admissible.
Deutsche Bank claims error by the admission of an unsigned copy of an H-8 Form. This form contains the same rescission language given to Gardner by Deutsche Bank’s predecessor, Ameriquest.
Deutsche Bank argues the form should have been precluded for lack of authenticity under Pa. R. Evid. 901(a). This rule is inapplicable, though, because the H-8 Form actually admitted was a reliable copy of a genuine loan document draft that includes identifying information such as the applicable loan number, the name and contact number of the lender, Gardner’s own name and address, the refinance date, and the Philadelphia address of the refinanced mortgage property.
*149 Deutsche Bank’s issue is more appropriately analyzed under the best evidence rule. Pa. R. Evid. 1001 and 1002. The admission of the contents of a document is permitted only when the document itself is an “original.” Com. v. Lewis, 623 A.2d 355, 357-58 (Pa. 1993). Here, Deutsche Bank is claiming the unsigned H-8 Form cannot be an original because it is unsigned. The flaw is that the H-8 Form, though unsigned, is itself an original. It is an original of exactly what Gardner said it was at trial — an unsigned draft H-8 Form prepared by Ameriquest for Gardner’s January 2005 closing.
If relevant, the content of this unsigned H-8 Form is admissible. We found it was relevant because it was probative to the issues at trial and no evidence was presented that the unsigned draft H-8 Form differed in any material respect from the unavailable signed version.
F. The Court Properly Conducted Oral Argument At Trial.
Deutsche Bank claims we erred by allowing Gardner to make factual allegations without being sworn in as a witness. More specifically, the complaint is that Gardner’s answers to court questions during closing argument were testimonial.
While a civil litigant also has the right to represent himself pro se under 42 Pa. C.S.A. § 2501, his credibility is determined by traditional fact-finding criteria. This is because bench and jury trials are governed by the same rules. Pa. R.C.P. 1038(a).
We were mindful of the line between admissible evidence and argument. The record reflects this during closing argument and preceding phases of the trial.
*150 III. CONCLUSION
Judgment should, respectfully, be affirmed for all the reasons explained here.

. 15 U.S.C. §1601 et seq.

. This order contained a typo, erroneously listing the rescinded amount as $45,000 instead of $45,400

. Title 12, Chapter II, Subchapter A, Part 226 (Reg. Z-Truth in Lending), Subpart C § 226.18

. Title 12, Chapter II, Subchapter A, Part 226(Reg. Z-Truth in Lending), Appendix H §226.23

. Title 12, Chapter II, Part 226 (Reg. Z-Truth in Lending), Subpart C, § 223(b)(1)

. Title 12, Chapter II, Part 226 (Reg. Z-Truth in Lending), Subpart C, § 223(a)(3)

. H-8 is found at Title 12, Chapter II, Part 226 (Reg. Z- Truth in Lending), Appendix H § 226.23 (Rescission Model Form, Generally)
H-9 is found at Title 12, Chapter II, Part 226 (Reg. Z-Truth in Lending), Appendix H §226.23 (Rescission Model Form, Refinancing with Original Creditor).